No. 33.—DANIEL RAMBO and HARRIS HAYS, plaintiffs in error, *vs*. AUGUSTUS J. BELL, defendant in error.

[1.] A rule is moved against a sheriff by the purchasers of real estate, under execution, calling upon him to show cause why immediate possession should not be given. He shows for cause, that the widow of the defendant in execution is in possession, under a claim of dower. *Held*, that upon the hearing of this rule, it is not competent to go into evidence that the widow had accepted a provision under her husband's will in lieu of dower.

[2.] At common law, the widow has no estate in her husband's lands until after assignment, and cannot retain possession as against those holding the fee. She has no right to tarry in her husband's house beyond the term allowed her as quarantine, and it is not until after assignment that she has such a vested estate as to maintain ejectment. Not so in Georgia, *so far as the mansion house and tenement* are concerned—the statute giving her these as part of her dower estate—she being in possession, may retain it, against the heirs or purchasers before assignment.

Rule against sheriff, requiring him to put purchasers of land at his sale into possession thereof, resisted, and retention of possession claimed under right of dower. In Decatur Superior Court. June Term, 1847. Before Judge WARREN.

For the facts of the case, see the opinion delivered by the Supreme Court.

SEWARD & LOVE, and HAYS for plaintiffs in error.

SULLIVAN & MOORE, and E. WARREN, for defendant in error.

*By the Court.*—NISBET, J., delivering the opinion.

The plaintiffs in error, Daniel Rambo and Harris Hays, were the purchasers of lands at sheriff's sale, under an execution in favour of Farish Carter *vs*. the executors of Robert J. Chisholm, deceased, issued from Decatur Superior Court. Application was made to the sheriff, Augustus J. Bell, who is the defendant in error, to put them into possession of the land, who declined doing it. Whereupon a *rule nisi* was moved, calling upon him to show cause why he should not forthwith put the purchasers in possession. The sheriff showed for cause, that William Wooten, who had intermarried with the widow of the defendant in execution intestate, was in possession, under a claim of dower in his wife, and therefore he had declined putting them into possession until fur-

ther order of the Court. Upon the hearing of this rule, Judge Warren refused to receive evidence that the widow of the intestate had accepted a bequest under the will of her husband, in lieu of her dower estate; also, that Wooten was tenant under one of the executors to the will of his wife's husband deceased. He also decided that the right of the widow to dower in the lands of which her husband died seised, became absolute at the death of her husband, so as to give her the right to retain possession before an assignment of her dower, and dismissed the rule against the sheriff. All of which decisions are excepted to, and are now for review.

[1.] We do not think that the Court erred in refusing to permit the plaintiffs in error, upon hearing this rule against the sheriff, to go into evidence as to whether the widow had waived her dower estate, by accepting a provision under her husband's will, in lieu of her dower. So grave and intricate a question could not be tried in this summary and collateral way. The parties properly before the court, were the plaintiffs in error and the sheriff, and these only. A decision of that question upon this rule, would not have concluded the rights of the widow. She would not have been bound by the judgment. She was in no proper sense a party, and could not be sufficiently heard. The question was one of official duty between the purchasers of the land and the sheriff, involving, not the dower estate, but the right of the doweree to *retain possession* of land which she claimed as her dower.

[2.] Nor do we think that the Court erred in ruling that the widow (or I should rather say Wooten, who had intermarried with her, and by marital right was subrogated to her rights as to dower,) was entitled to retain the possession as against these purchasers, before an assignment of the dower estate, *so far as the tenements were concerned.* As a general rule, the widow has no estate in the lands until assignment; and after the expiration of her quarantine the heir may put her out of possession, and drive her to her suit for dower. She has no right to tarry in her husband's house beyond the term allowed her as quarantine, and it is not until her dower has been duly assigned that the widow acquires a vested estate for life, which will enable her to sustain her ejectment. *Litt. sec.* 43; *Co. Litt.* 32, *b.* 37 *a.; Doe* vs. *Nutt,* 2 *Carr. & Payne* 430; *Jackson* vs. *O'Donaghy* 7 *Johns. R.* 247; *Jackson* vs. *Aspell* 20 *id.* 411; *Jackson* vs. *Vanderheyden,* 17 *id.* 167; *Chapman* vs. *Armstead,* 4 *Munf.* 382; *Moore* vs. *Gilliam,* 5 *Id.* 346; *Johnson* vs. *Morse,* 2 *N. H. R.* 414; *McCully* vs. *Smith,* 2 *Bailey S. C. R.* 103.

Lord Coke says, "this great disadvantage the wife hath, that she cannot enter into her dower at common law, but is driven to her writ of dower to recover the same." (1 *Inst.* 32 *b.*) The owners of the fee, the purchasers in this instance, under this general rule, although they hold subject to the dower estate, may oust the doweress, unless her dower has been assigned. Nor, if they were in possession, could she maintain ejectment against them until her dower is assigned.

But by act of our own legislature, the widow is entitled to *the tenements* as part of her dower. She is entitled by statute law in Georgia, to one-third part of the lands, *including the tenements*, having regard to the shape and valuation of them. *Hotchk.* 433 ; *Act of 21st Dec.* 1839, *sec.* 1 ; *Pam.* 148. By the common law she is not entitled to the tenements, and our statute is to that extent an enlargement of the common law. This humane provision of our statute, is in repeal of the general rule, so far as the tenements are concerned, that the widow being in possession, cannot hold them against the person holding the fee, until after assignment. She being in possession of the tenements, to which she is entitled by statute, may hold that possession although her dower has not been assigned. In this case she held possession continuously, of the tenements, from the death of her husband until the rule against the sheriff was moved. We therefore confirm the judgment of the Court below, so far as relates to the tenements in which she was actually in the possession. I am gratified to learn that this judgment is sustained in several of the States of the Union, where there are statutes like our own, giving the mansion house and other tenements to the widow as part of her dowry—as in New Jersey, Kentucky, Indiana, Illinois, Alabama, Virginia, Connecticut and Missouri. In these States, upon the death of her husband, the widow is by law deemed in possession, as tenant in common with the heirs, to the extent of her right of dower ; and her right of entry does not depend upon the assignment of dower, which is a mere severance of the common estate. *Den* vs. *Dodd*, 1 *Hals.* 367 ; *Sledman* vs. *Fortune*, 5 *Conn. R.* 462 ; *Taylor* vs. *McCraken*, 5 *Blackf. Indiana R.* 261 ; *Stokes* vs. *McCallister*, 2 *Missouri R.* 163.

As to her dower in these lands, other than the tenements, we think the common law rule obtains, and she is not entitled to the possession until after assignment. We therefore send this cause back for a rehearing, in accordance with this opinion.