JOHN DOE, *ex demise* of LEMUEL GARNER *et al.,* plaintiff in error, *vs.* RICHARD ROE, casual ejector, and W. W. GIBBS, tenant in possession, defendants in error.

The purchaser of real estate from a defendant, pending an appeal from the first verdict and judgment thereon, is not protected as a *bona fide* purchaser, under the provisions of the 3525th section of the Revised Code, when such purchaser has been in possession of the property for four years from the date of the judgment on the first verdict, but not for four years from the date of the final judgment on the appeal trial. (R.)

Ejectment.  Judgment lien.  *Bona fide* purchaser.  Before Judge PARROT.  Murray Superior Court.  March Term, 1872.

For the facts of this case, see the decision.

JOHNSON & McCAMY, for plaintiffs in error.

1st.  Possession by purchaser for four years discharges from judgment lien: Code, section 3525; 39 Ga. R., 344; 42 Ga. R., 250.

2d.  Equity will restrain sale pending appeal: 42 Ga. R., 255.

3d.  Title prevented from accruing, how: 39 Ga. R., 344.

D. A. WALKER, by brief, for defendants.

Pending appeal levy cannot be made: Code, sections 3511, 3572.  Effect of judgment when appeal has been entered: 1 Ga. R., 92; 8 *Ib.,* 121; 18 *Ib.,* 467; 19 *Ib.,* 298.  If the Court differs with me as to the construction of sections 3523, 3525, of the Code, then I insist that section 3525 is a statute of limitations, and was suspended until July 21st, 1868.  I ask the

Court to review 39 *Georgia Reports,* 405, and 347. I refer
to Judge Warner's dissenting opinion, beginning on page 353.
The 3d section of the Stay Law of 1865–6 was not held uncon-
stitutional: 37 Ga. R., 124. I refer to the dissenting opinion
in this case as my argument on the constitutionality of the
Stay Law. Chief Justice Brown agreed with the dissenting
Judge: 38 Ga. R., 369; 39 *Ib.,* 359.

WARNER, Chief Justice.

This was an action of ejectment brought by the plaintiff
against the defendant, to recover the possession of a house and
lot in the town of Spring Place, in the county of Murray.
The following statement of facts were agreed on by the par-
ties at the trial: "That one Randall was the owner of the
premises in dispute from the year 1856; that he sold and con-
veyed the same to Garner, the plaintiff's lessor, on the 24th day
of April, 1863, who went into the possession thereof, and con-
tinued in possession, either by himself or tenants, up to the
month of January, 1869; that on the 8th day of July, 1861,
Whitemore obtained a verdict and judgment against Ran-
dall, from which Randall entered an appeal, which was pend-
ing until the 17th of October, 1866, when the final verdict and
judgment in the case was rendered against him. An execu-
tion issued upon this final judgment on the 7th of December,
1864, and was levied on the property sued for and sold by
the sheriff as the property of Randall, on the 5th of January,
1868, and purchased by Walker, who in the month of March
thereafter, sold the property to Gibbs, the defendant, who has
been in possession of it ever since.

The Court charged the jury that the judgment entered up
on the first verdict, from which an appeal was taken in 1861,
prevented an alienation of the property by the defendant,
pending the appeal, and as it was admitted the plaintiff had
not been in possession of the property for four years from the
rendition of the final judgment, the plaintiff could not re-
cover, to which charge the plaintiff excepted. The only ques-
tion made in this case is whether a purchaser of real estate

from a defendant, pending an appeal from the first verdict and judgment thereon, is protected as a *bona fide* purchaser under the provisions of the 3525th section of the Code, when such purchaser has been in the possession of the property for four years from the date of the judgment on the first verdict, but has not been in possession of the property for four years from the date of the final judgment on the appeal trial. It is contended by the plaintiff in error that he is so protected, because that section of the Code declares that the property shall be discharged from the lien of *any judgment* against the person from whom he purchased. The first judgment on the verdict only bound the defendant's property so far as to prevent an alienation of it by the defendant between the signing of the first judgment and the signing of the final judgment on the appeal trial: Code, 3523. The judgment signed upon the first verdict was suspended pending the appeal: Code, 3511. The plaintiff could not have enforced the collection of his judgment by levy and sale of the defendant's property until he had obtained his final judgment on the appeal trial in October, 1866, and it is admitted that the plaintiff had not been in possession of the property four years from that time. It is quite clear, we think, that the time did not begin to run against the plaintiff in the judgment until he had obtained and could enforce it against the property of the defendant; and, therefore, the lien of the judgment was not discharged from the property purchased by the plaintiff from Randall, the defendant in that judgment.

Let the judgment of the Court below be affirmed.