WILLIAM L. CALHOUN, executor, plaintiff in error, *vs.* AMELIA A. CALHOUN, defendant in error.

A widow is entitled to the possession of the mansion in which her husband left her at his death, until dower, or its equivalent, has been assigned her, and this right to its possession is additional to, and independent of, her year's support.

Dower. Year's Support. Husband and Wife. Before Judge PEEPLES. Fulton Superior Court. October Term, 1876.

Reported in the opinion.

COLLIER & COLLIER, for plaintiff in error.

A. W. HAMMOND & SON, for defendant.

JACKSON, Judge.

This case was tried on a bill in equity, an affidavit of illegality and a rule against the sheriff, all together, by consent, at the same time.

Mrs. Calhoun had her year's support set apart by the ordinary, obtained judgment, *fi. fa.* was thereupon issued, and the sheriff ruled for not making the money, but receiving the executor's affidavit of illegality. The executor also filed a bill of injunction, setting up that she had received her year's support in the house, the use of which she had had, and that she could not elect a child's part of the property, as the will provided for her other property in lieu of dower. The court below ruled that she was entitled to the year's support, and granted a rule absolute to that effect, and refused the injunction asked by the executor's bill. Nine hundred dollars was the sum set apart; some of it had been paid, and the rule was made absolute for the balance. The illegality was also dismissed.

The only legal questions presented for our review are : first, is the widow entitled to her home over and above a year's support, or must she be charged with rent as part of the year's support? and, second, after repudiating the provision of the will in lieu of dower, can she then reject dower and take a child's part of the realty?

In respect to the first point, it seems to us that the Code settles it; section 1768 provides that she shall have the possession of the dwelling house from the death of her husband until dower is assigned her. She cannot make her application for dower until three months after the death of her husband, so that it would probably take at least a year from his death for her to have it assigned and made the judgment of the court, even if it were not litigated. It would thus seem that the least time during which she should have the mansion would be twelve months. It follows that she cannot be charged with rent for the mansion for twelve months. The scheme of our law seems to be that when death takes away the head of the family, the widow shall not be disturbed in the house in which her husband left her, until she gets dower, or its equivalent; and, that until that time, or at least for one year, she shall have adequate support according to the estate of her husband, and the manner in which he

had maintained her when in life. In this case, nine hundred dollars was set apart, and she had the use of the house some six months. There is evidence that the commissioners intended house-rent to be included in the nine hundred dollars ; but they evidently did not consider her right to this house, her title to its possession, for it is in proof that its rental for a year is worth $900.00 itself ; so that, if they included that, they gave her nothing for her year's support. We think, as she had the house but half the year, nine hundred dollars was but small, poor, compensation for a year's support. It was, really, but four hundred and fifty dollars. Taking the case altogether, we think that the court was right to make the rule absolute, and to dismiss the affidavit of illegality, and to refuse the injunction.

In regard to the other point, the right of the widow to elect a child's part of the realty, in lieu of dower, after she has already elected between the provision in the will and dower, we decline to express an opinion, because it is doubtful whether the court below passed upon the point, and the whole will is not before us. The other point controls this case.

Judgment affirmed.