WATKINS, administratrix, *v.* ANGIER.

Where an appeal to the superior court from a judgment in a justice's court was entered by the defendant, and the plaintiff "obtained judgment on the appeal," the former judgment was not vacated, but merely suspended. Consequently, the latter judgment, as to priority, is to be treated as being of the date when the judgment appealed from was entered, and accordingly it takes precedence over another judgment rendered by the superior court, older than the judgment on the appeal, but younger than the original judgment entered in the justice's court.

August 24, 1896.

Money rule. Before Judge Milner. Bartow superior court. July term, 1895.

Watkins and Angier contested for a fund arising from the sale of property of Mrs. Branson. The case was submitted to the judge without a jury, upon the following agreed facts: "Watkins and Angier hold *fi. fas.* against Mrs. Branson. Watkins' judgments were first rendered in justice's court in 1876, and were appealed to the superior court. In July, 1893, Watkins obtained judgment on appeal. The Angier judgment was rendered by the superior court in term, 1883. Property of Mrs. Branson was brought to sale in 1895, and produced the fund in the hands of the sheriff, which is now held for distribution. The only question at issue is, which judgment is entitled to the fund, both *fi. fas.* being alive. All said judgments are valid and have been kept alive, and their production and proof are waived. Angier claims on his superior court judgment; and Watkins claims on her justice's court judgments, and also on her superior court judgment."

The judge awarded the fund to the Angier *fi. fa.*, and Watkins excepted. In her pleading it is contended, (1) that the liens of her justice's court judgments were never vacated, but were merely suspended by the appeals; and (2) that the consolidated judgment on appeal related back

to 1876 when the judgments were rendered from which appeals were taken.

*John W. Akin*, for plaintiff in error.
*J. W. Harris, Jr.*, contra.

ATKINSON, Justice.

Section 3628 of the code, which deals with appeals from justices' courts, provides in terms that an appeal suspends, but does not vacate a judgment; and then provides in addition, that in the event of a dismissal or withdrawal of the appeal, the rights of the parties are the same as if no appeal had been entered. The result announced in this latter provision is a natural consequence of the principle first announced; and while it states some of the consequences which follow from the allowance of the principle, it was not intended to and does not limit the principle to the stated consequences alone. It would seem to be true, if an appeal suspends only, but does not vacate a judgment, that the effect of this is to preserve all of the incidents of the judgment, save only the right of the plaintiff to enforce it by the sale of the defendant's property pending the appeal. A judgment, under section 3580 of the code, binds all the property of the defendant from the date of its rendition, and this being true, a judgment appealed from, not being vacated, its lien would attach to all the property of the defendant from the date of its rendition, although incapable for the time of being enforced. This section of the code relating to appeals from justices' courts would seem to be free of ambiguity, and to be capable of exact application to the facts of the present case, but for some of the earlier decisions of this court, notably the cases of *Hardee* v. *Stovall, Simmons & Co.*, 1 *Ga.* 92, and *Snelling* v. *Parker*, 8 *Ga.* 121, and but for section 3581 of the code, which provides, "In all cases where a judgment shall be rendered, and an appeal shall be entered from such judgment, the property of the defendant shall not be bound by the first judgment, except so far as to

prevent the alienation by the defendant of his property between the signing of the first judgment and the signing of the judgment on the appeal, but shall be bound from the signing of such judgment on the appeal." This section of the code would seem in all cases of appeal to treat the judgment appealed from as vacated, except in so far as to prevent alienation pending the appeal. In order to arrive at the exact meaning of this section of the code, and to determine the circumstances under which it is capable of being legally applied, it will become necessary to consider somewhat the ancient history of appeals in this State. The judiciary act of 1799 first inaugurated the system of appealing from the verdict of one jury to that of another in the courts of this State. By the 26th section of that act it was provided, that where a party was dissatisfied with a judgment rendered in one of the inferior courts in this State (and by the term "inferior court" is meant the inferior court proper, as it existed under that act, and as distinguished from ordinary inferior judicatories), such party might enter an appeal from such judgment to the superior court, and where a verdict was rendered upon the trial of a case originating in the superior court, a party dissatisfied with such verdict might appeal to another jury in the same court. Both of the cases above cited involved appeals of the class last described, and involved the construction of an act passed by the General Assembly in 1822, which was intended to be and was a legislative declaration of the meaning of the act of 1799, and was likewise declaratory of the effect of an appeal upon the judgment appealed from. That act provided as follows: "That from and after the passage of this act, all property of the party against whom a verdict shall be entered and a judgment signed thereon, in conformity to the provisions of the twenty-sixth section of said act of 1799, shall be bound from the signing of the first judgment, in cases where no appeal is entered, but in cases where an appeal is entered from the first verdict, the prop-

erty of the party against whom the verdict is rendered shall not be bound except from the signing of the judgment on the appeal, except so far as to prevent the alienation by the party of his, her, or their property, between the signing of the first judgment and the signing of the judgment on the appeal." Cobb's Digest, p. 496. It will be seen that by its very terms, this act was limited to judgments rendered in conformity with the provisions of the 26th section of the act of 1799. As will be observed from the terms of that section of the act of 1799, it applies to appeals from judgments rendered in the inferior courts, and appeals from the verdict of one jury in the superior court to a verdict of another jury in the same court. Appeals from judgments in magistrates' courts, not falling within the provisions of the act of 1799, were not affected by the provisions of the act of 1822; and section 3581 of the code, having been adopted at the time appeals were allowable as under the act of 1799, was intended to be a statement of the law governing appeals in the class of cases which were in the legislative contemplation at the time of the passage of the act of 1822. That the legislature did not intend to apply this rule to justices' courts is clearly inferable from the fact that appeals from judgments rendered in such courts were not allowed under the act of 1799, but were allowed under the provisions of an act passed December 14, 1811. This latter act authorizing appeals from judgments rendered in justices' courts was of force at the time of the passage of the act of 1822, and the act of 1822 being confined in its operation to appeals other than those from justices' courts, judgments in the latter court were unaffected by the passage of that act. If the legislature had designed to apply the same rule to all classes of appeals, the act of 1822 would have included within its provisions appeals from justices' courts, but this was not done. The inference is clear that the legislature did not intend to apply the provisions of section 3581 of

the code to judgments rendered in justices' courts. When the code was adopted, however, the rule was applied to such judgments, and hence we find in section 3628, which relates to appeals from justices' courts, the rule broadly stated, that an appeal suspends, but does not vacate a judgment. If the judgment be merely suspended and not vacated, it follows, as a matter of course, that it is operative with all of its incidents, save in so far as it is incapable of enforcement pending the appeal. In the absence of a statute upon the subject, it seems to be generally held, that the lien of a judgment is not discharged by an appeal being taken, but merely suspended. This is in accordance with the declaration of our code upon this subject as applied to appeals from justices' courts. "Nor is a judgment on appeal a discharge of the lien of the judgment below." 1 Black on Judgments, §473. Under section 3628 of the code, the lien of the judgment rendered in the first instance attaches to the property of the defendant, and is dependent for its continuance only upon its affirmance upon the appeal.

We conclude, therefore, that under the facts of the present case, the judgment rendered in the justice's court in 1876, though appealed from, was still operative in so far as to fix its lien upon the property of the defendant, and when judgment was rendered upon the appeal in 1893, the lien of that judgment by relation attached to the property of the defendant as of the date of the judgment appealed from, and was, therefore, superior in point of dignity to a judgment rendered in the superior court in the year 1883 pending the appeal. This being true, the latter judgment was not entitled to the money, and the judgment of the court awarding to the contrary is                    *Reversed.*