## DODD & COMPANY *v.* GLOVER.

1. The entry of a judgment upon a justice's court docket prior to the time when the registration act of 1889 took effect was notice to all persons dealing with the defendant of the existence of such judgment, and this notice was sufficient to put a purchaser from the defendant upon inquiry as to what disposition was made of such judgment, and, consequently, upon notice of all facts to which such inquiry, properly conducted, would lead.
2. Where the defendant in such a judgment entered an appeal to a jury in the justice's court, which resulted in a verdict and judgment for the plaintiff, for the same principal sum, with the additional interest and increased attorney's fees which had in the meantime accrued, a purchaser of property from the defendant after the rendition of such verdict took subject to the judgment signed up thereon by the plaintiff's attorney and finally entered upon the magistrate's docket, though this last entry was not, in point of time, made until after the purchase took place.

Argued June 9, 10, — Decided July 28, 1897.

Levy and claim. Before Judge Lumpkin. Fulton superior court. September term, 1896.

Five justice's court executions in favor of P. & G. T. Dodd & Co. against W. W. Campbell & Co., Mrs. Lizzie M. Fuller, and others, were levied upon certain land in Fulton county,

as the property of Lizzie M. Fuller, and claims were interposed by W. A. Glover. The cases were consolidated and tried together without a jury. At the conclusion of the evidence the claimant moved to dismiss the levies upon the grounds: (1) That under the act of 1889, as applied to the agreed facts, the property in the hands of the claimant was freed from the lien of the judgments, if there were any legal judgments, because the fi. fas. were not docketed as required by that act; and (2) that no legal judgments were entered. The court dismissed the levies, holding that the alleged judgments were not duly entered upon the docket of the justice's court; and the plaintiffs excepted.

Plaintiffs introduced the fi. fas., with entries of levies by the sheriff, and an agreed statement of facts, from which it appeared that at the time the alleged judgments purport to have been rendered, the defendant Lizzie M. Fuller was in possession, by her tenants, of the land levied on, and was so in possession until May 2, 1892, on which date she sold the same to claimant; and the latter was in possession at the time the levies were made. When the claimant purchased the property, and when he made the last payment, he had no notice of the alleged judgments. The executions were issued July 4, 1895, by Edgar H. Orr, J. P. of the 1026th district G. M. of Fulton county, and each purported to be founded on a judgment rendered upon a verdict of a jury in the justice's court of said district on March 27, 1889, in the case of P. & G. T. Dodd & Co. against W. W. Campbell & Company, a firm composed of W. W. Campbell and Mrs. Lizzie M. Fuller, defendants, and A. R. Fuller and W. A. Fuller, securities on appeal. The claimant introduced the docket of the justice's court, which showed in each of the five cases an entry of judgment for the plaintiffs against W. W. Campbell & Company, dated March 8, 1889; also appeal papers, showing that in each case an appeal to the jury in the justice's court was entered by Mrs. Lizzie M. Fuller; also the original summons in each case, showing that in each of the four cases a verdict against W. W. Campbell & Company, and finding that Mrs. Lizzie M. Fuller was a member of the firm, was rendered March 27, 1889. In the fifth case a part of the

summons was torn off, and no verdict appeared on what remained. Attached to the summons and to the appeal papers was a separate piece of paper upon which was written the following: "P. & G. T. Dodd & Co. against W. W. Campbell & Co. The above stated case having been appealed to a jury in the justice's court by Lizzie M. Fuller, who gave her bond with A. R. Fuller and W. A. Fuller as securities, and the jury having rendered a verdict in said case against the defendants W. W. Campbell & Co., finding that Lizzie M. Fuller is a member of said firm, it is ordered that plaintiffs recover of the defendants, W. W. Campbell & Co., and A. R. & W. A. Fuller, securities on the appeal bond," certain sums stated, "and execution will issue therefor. March 27, 1889. T. P. Westmoreland, plaintiffs' attorney. Pat. H. Owens, J. P." On the docket of the justice's court, and written across the face of the other entries in each of the cases, was a copy of the verdict and judgment as they appeared in the original summons and attached paper; below which was added, in four of the cases, the following: "The above is a true copy of the verdict and judgment as the same appears upon the original papers. This July 4, 1895. Edgar H. Orr, J. P." In the fifth case there was added to the copy of the verdict and judgment the following: "The above is a true copy of the judgment as it appears in the original papers; a part of the original summons has been torn away or lost. The verdict seems to have been written on the part so lost. July 4, 1895. Edgar H. Orr, J. P." There was testimony that, in the case last mentioned, a verdict was written on that portion of the summons which was torn off, and that the verdict written thereon was the same as the verdict in each of the other cases; also that the portion torn off was lost. It appears that in April, 1889, Lizzie M. Fuller took one of the cases to the superior court by certiorari, at the same time entering into an agreement with the other parties to the effect that the judgment in that case should control in the other cases. The judge, upon the hearing, affirmed the verdict and judgment rendered in the justice's court, and dismissed the certiorari.

. *T. P. Westmoreland* and *George Westmoreland*, for plaintiffs. *Henry M. Patty*, contra.

FISH, J. 1. The judgments rendered by the magistrate in favor of Dodd & Co. against Campbell & Co. and Lizzie M. Fuller, March 8, 1889, were entered upon his docket, in accordance with section 4082 of the Civil Code. One of the prime objects of requiring the magistrate to enter the judgment upon his docket is, that all persons dealing with the defendant may have notice of the judgment against him. Neither the magistrate nor constable is required to keep an execution-docket, and prior to the registration act of 1889 the only practicable way of ascertaining whether any justice's court judgment existed against a certain person was to examine the docket of such court of the district in which such person resided. The entry of the judgment upon the magistrate's docket was notice to the world of the existence of such judgment, and this notice was sufficient to put a purchaser upon inquiry as to what disposition had been made of such judgment, and, consequently, upon notice of all facts to which such inquiry, properly conducted, would lead.

2. If Glover, when he purchased the property levied upon, from Mrs. Fuller, one of the defendants against whom the judgments were rendered, had made any inquiry of the magistrate, or made any examination into the matter, in reference to the judgments standing on the docket against her, he would have learned that they had been appealed from to a jury in the justice's court; that a jury had rendered verdicts against her for like amounts, with the additional interest and increased attorney's fees which had in the meantime accrued; that judgments had been entered up against her on such verdicts by counsel for the plaintiffs; and that one of the cases had been taken to the superior court by certiorari, which was then pending, with an agreement between plaintiffs and defendants that the other four cases should abide the judgment in the one pending on certiorari. Under such circumstances, we think he purchased the property subject to the judgments signed up on the verdicts in the justice's court and which were finally entered upon the docket of the magistrate, notwithstanding this last entry was not made, and the certiorari was not overruled, and the verdict and judgment in the magistrate's court were not affirmed, until subsequent to the time when the pur-

chase took place. Section 5339 of the Civil Code provides, that in all civil cases when a verdict shall be rendered, the party in whose favor it may be, or his attorney, shall enter and sign up judgment thereon. In the case at bar, the plaintiff's attorney signed up the judgments on the verdicts and also had the magistrate to sign them ; and though these judgments were not entered on the magistrate's docket until after claimant purchased from Mrs. Fuller, yet the judgments rendered by the magistrate had been regularly entered, and, as above stated, we think they were sufficient to put the claimant on notice of the judgments on the verdicts. If section 5352 of the Civil Code is applicable to this case, then the property levied on would be subject, because it is therein provided that, where an appeal is entered from a judgment, the property of the defendant shall be bound by the judgment appealed from, to the extent of preventing its alienation by him between the signing of such judgment and the signing of the judgment on the appeal, and that his property shall be bound from the signing of such judgment on the appeal. See also *Garner* v. *Gibbs,* 47 *Ga.* 97. When the claimant in the case purchased, the judgment on the appeal had already been signed up more than three years. If section 4470 of the Civil Code, which provides that "An appeal suspends but does not vacate judgment," is applicable to this case, the property is subject; because, under this section, the liens of the judgments rendered by the magistrate in the first instance attached to the property of Mrs. Fuller, and were only dependent for their continuance upon their affirmance upon the appeal. The lien was only suspended, never vacated. When, therefore, the judgments of the magistrate were affirmed by the verdicts of the jury on the appeal, and upon certiorari to the superior court the verdicts and judgments in the magistrate's court were affirmed, the judgments signed up on the verdicts, by relation, attached to Mrs. Fuller's property as of the date of the judgments appealed from. *Watkins* v. *Angier,* 99 *Ga.* 519. We think that the judge below erred in finding the property not subject.

*Judgment reversed. All the Justices concurring.*