## PULLEN *v.* JOHNSON.

No. 8326.   October 15, 1931.

*G. C. Bidgood,* for plaintiff in error.   *E. L. Stephens,* contra.

Russell, C. J. The entire estate of J. A. Johnson, who died intestate, consisting of approximately 157 acres of land in three tracts in Laurens County, was set aside as a year's support to his widow, Mrs. Eliza Johnson, by appraisers appointed by the ordinary for that purpose. The return of the appraisers filed with the ordinary valued the land at $800. A caveat to this return was filed by Mrs. Lessie Pullen, a daughter of the intestate, and by G. A.

Bush as next friend of minor children of Mrs. Frankie Bush, a deceased daughter of the intestate. After hearing evidence the ordinary rendered judgment in favor of the return of the appraisers and against the caveators, on December 22, 1930. Thereafter, on December 26, 1930, the caveators filed their appeal to the superior court. On January 6, 1931, Mrs. Eliza Johnson, the widow, presented to Honorable R. Earl Camp, judge of the superior court of Laurens County, a petition seeking to enjoin Mrs. Lessie Pullen, her husband G. L. Pullen, W. G. Bush, and Billie Senn (who appeared to be an employee of Mrs. Pullen) from interfering with her possession of the land awarded to her as a year's support. The petition recited "that the said Mrs. Lessie Pullen, W. G. Bush, and the said Billie Senn and G. L. Pullen, for them, each and all of them, are now going upon said lands, cutting cotton-stalks, and doing certain other acts as by them may seem necessary for the purpose of cultivating said lands for the year 1931, and are threatening and say they intend to cultivate same, and are disregarding your petitioner's possession and rights of possession and interest to and in said land by reason of her possession, and of the said judgment setting same aside to your petitioner as a year's support." She alleged all the defendants were insolvent, and prayed that they, "their servants, agents, or employees, be restrained from going on, over, and across said land; that they be restrained from using, cultivating, occupying, or in any manner going on or trespassing on said land." In the answer of the defendants, Mrs. Lessie Pullen offered to pay a reasonable rental for the use of a one-horse farm. Upon the interlocutory hearing the only evidence introduced by the defendants was an affidavit of Mrs. Pullen, in which she averred that the real estate set apart as a year's support was worth not less than $3,000. The plaintiff introduced several affidavits as to the interference of Mrs. Pullen with a tenant to whom she had rented one of the tracts of land, causing him to abandon his rent contract, and as to the value of the land involved for rental, these affidavits showing the land set apart to the plaintiff to be worth from $150 to $175 per year for rental. The affidavit of the plaintiff stated that this real estate was all the property left by her husband, and that the defendants were insolvent. The trial judge, after hearing evidence, "continued in full force and effect, until a hearing of

said case by jury and until further order of this court," the restraining order theretofore granted. The defendants excepted.

In courts of review, the rule that in applications for injunction, in which the evidence upon material issues is conflicting, the discretion of the trial judge in the grant or refusal of an interlocutory injunction will not be interfered with unless there is an abuse of discretion, seems to be well settled. It has been adopted by the Supreme Court of Georgia at least. Upon review of the record in the present case, it would seem that there was no abuse of discretion in the case now before us, and that this statement might suffice to express our opinion that the judgment of the lower court should be affirmed. It is insisted, however, by counsel for plaintiffs in error that the petition of Mrs. Johnson merely constituted an action to restrain a trespass, because upon the death of John A. Johnson intestate his land descended immediately to his heirs at law under the provisions of § 3929 of the Civil Code of 1910; that consequently the wife and children and lineal descendants of children are tenants in common of the real property left by the intestate, and as cotenants they have equal rights to the possession thereof under § 3723 of that Code. It is therefore argued that while the entire estate was set aside to Mrs. Eliza Johnson as a year's support, an appeal was taken from the judgment of the court of ordinary, and is now pending in the superior court of Laurens county, whereby the judgment of the court of ordinary is suspended. The cases of *Board of Education of Glynn County* v. *Day,* 128 *Ga.* 156 (9) (57 S. E. 359), and *Hood* v. *Swint,* 153 *Ga.* 708 (112 S. E. 892), are cited to support the proposition that when one claiming to be the sole owner in fee brings an equitable petition against another alleged to be a mere trespasser, not to recover the land, but to enjoin the defendant from interfering therewith as a trespasser, if the evidence shows that the defendant is not a trespasser, but a tenant in common with the plaintiff, the court should not restrain the defendant from any right attached to his possession as a cotenant. In other words, it is urged upon us that a trespass by one having no title is not the same as an entry by a cotenant, even if accompanied by wrongful conduct. We agree thoroughly with the proposition stated by counsel for plaintiffs in error, that there can be no adverse possession against a cotenant until actual ouster, or exclusive possession after demand,

or express notice of adverse possession. Civil Code (1910), § 3725; *Norris* v. *Dunn,* 70 *Ga.* 796; *Morgan* v. *Mitchell,* 104 *Ga.* 596 (30 S. E. 792), and cit.; *David* v. *Tucker,* 140 *Ga.* 240 (7) (78 S. E. 909). It is true the defendants in their answer acknowledge the fact of cotenancy and offer to pay rent, but this acknowledgment would not of itself create a cotenancy, if none in fact existed. The plaintiffs in error assume the existence of a cotenancy from the rule that generally the realty of an intestate descends to his heirs (§ 3929), among whom they include the wife as only entitled to her distributive share by virtue of the statutes of distribution. This would be title by inheritance. The title of the widow in this case depends upon the provisions of § 4041, as follows: "Among the necessary expenses of administration, and to be preferred before all other debts, except as otherwise specially provided, is the provision for the support of the family, to be ascertained as follows: Upon the death of any person testate or intestate, leaving an estate solvent or insolvent, and leaving a widow, or a widow and minor child or children, or minor child or children only, it shall be the duty of the ordinary, on application of the widow, or the guardian of the child or children, or any other person in their behalf, on notice to the representative of the estate (if there is one, and if none, without notice), to appoint five discreet appraisers; and it shall be the duty of such appraisers, or a majority of them, to set apart and assign to such widow and children, or children only, either in property or money, a sufficiency from the estate for their support and maintenance for the space of twelve months from the date of administration, in case there be administration on the estate, to be estimated according to the circumstances and standing of the family previously to the death of the testator or intestate, and keeping in view also the solvency of the estate. If there be a widow, the appraisers shall also set apart, for the use of herself and children, a sufficient amount of the household furniture. The provision set apart for the family shall in no event be less than the sum of one hundred dollars; and if it shall appear upon a just appraisement of the estate that it does not exceed in value the sum of five hundred dollars, it shall be the duty of the appraisers to set apart the whole of said estate for the support and maintenance of such widow and child or children,

or, if no surviving widow, to the lawful guardian of the child or children, for their benefit." The grant of a year's support is classed as a "necessary expense of administration." The title to land which may be set apart under the provisions of this statute is not based upon the statute of distribution, it has no connection with it, and is not affected by the insolvency of the estate, because as a necessary expense of administration it is "to be preferred before all other debts except as otherwise specially provided." It is a "provision for the support of the family." No such relationship as that of cotenancy can be created unless the tenants in common are included as beneficiaries of the year's support. Heirs at law of the intestate, as such, are excluded. No one can become a beneficiary under the provisions of § 4041 merely because he or she may happen to be an heir at law of the deceased. It is obvious, therefore, that the principles that relate to cotenancy, upon which the plaintiffs in error rely, are wholly inapplicable to the provisions designed for the sole purpose of making "provision for the support of the family." It may be true, as a general rule, that an appeal suspends the operation of the judgment sought to be set aside. But this is not an invariable rule. It was not the intention of the General Assembly in the act of 1838 (Cobb's Digest, p. 296) that "upon the death of any person testate or intestate, leaving an estate solvent or insolvent, and leaving a widow, or a widow and minor child or children, or minor children only," the provision for the support of the family remain in abeyance and the family suffer want, and perhaps starvation, until the rights of any person other than the beneficiaries of the twelve months' support were determined. This can clearly be seen from § 4042, which provides that if an estate is to be kept together for a longer time than twelve months and there are no debts, and a widow and minor children are to be supported, "there shall be a year's support each year that such estate may be kept together." By § 4043, "If an appeal be taken, pending the appeal the family shall be furnished with necessaries by the representative of the estate." It does not appear from the record that any representative of the estate involved in this case has ever been appointed, or that application has been made for the appointment of a representative for the estate by the plaintiffs in error in this case. This is a circumstance which we think should properly have been considered

by the judge of the superior court when he determined, as a court of equity, that an interlocutory injunction should be granted which would enable the widow to collect for her support some rent ad interim, with which to procure "necessaries." In what has been said so far, we merely call attention to circumstances in the record which prevent this court from holding that the lower court abused his discretion in the grant of a temporary injunction. However, we do not think the court erred in granting the temporary injunction, in consideration of the nature of the caveat in this case, based upon the fact that an appeal was pending. Under the Civil Code of 1910, § 4044, the "property so set apart by the appraisers shall vest in the widow and child or children, and if no widow, in such children, share and share alike, and the same shall not be administered as the estate of the deceased husband or father." It appears undisputed that all of the property of the intestate had been set apart by the appraisers as a year's support. That being true, "the same shall not be administered as the estate of the deceased husband or father." No statement is made that the deceased owed no debts.

*Judgment affirmed. All the Justices concur.*