TILLEY *v.* KING, executor.

No. 13926.   February 10, 1942.   Rehearing denied March 14, 1942.

604

*Bennet & Peacock* and *Wright & Willingham,* for plaintiff.

*W. .L. Ferguson* and *R. R. Jones,* for defendant.

JENKINS, Justice. "An appeal shall lie to the superior court. from any decision made by the court of ordinary, except an order appointing a temporary administrator" (Code, § 6-201) ; and this includes a right of appeal from a judgment on a caveat or objections to the return of appraisers setting apart a year's support, which right likewise is expressly recognized by section 113-1005 relating to the return of the appraisers. *Phelps* v. *Daniel, 86 Ga..* 363, 365 (12 S. E. 584) ; *McNair* v. *Rabun,* 159 *Ga.* 401 (4), 411 (126 S. E. 9). While "an appeal to the superior court is a de novo investigation" (Code, § 6-501), there is another statutory rule which specifically provides that "an appeal shall suspend but not vacate judgment." § 6-502. Thus, it has been held, that, in an appeal from a justice's court judgment, "the judgment remains operative with all of its incidents, save in so far as it is incapable of enforcement pending the appeal." *Haygood* v. *King,* 161 *Ga.* 732 (132 S. E. 62). It has also been held, that, where on an appeal from such a judgment the appellee is successful, the lien of the judgment will be. taken as binding from the date of its original rendition, and entitled to superiority over a subsequently rendered judgment, notwithstanding the provisions of the Code, § 110-508, that "in all cases where a judgment shall be rendered and an appeal shall be entered from such judgment, the property of the defendant shall not be bound by the first judgment, except so far as

to prevent the alienation by the defendant of his property between the signing of the first judgment and the signing of the judgment on the appeal, but shall be bound from the signing of such judgment on the appeal." *Watkins* v. *Angier,* 99 *Ga.* 519, 520 (27 S. E. 718); *Crosby* v. *King Hardware Co.,* 109 *Ga.* 452 (34 S. E. 606); *Dodd* v. *Glover,* 102 *Ga.* 82, 86 (29 S. E. 158). See also Code, §§ 110-506, 110-507. Indeed, this court has even gone so far as to hold in effect, that, pending an appeal from a judgment setting apart a year's support, the original judgment was not even suspended. *Pullen* v. *Johnson,* 173 *Ga.* 581, 585 (160 S. E. 785). Chief Justice Russell, speaking for the court, said: "It may be true, as a general rule, that an appeal suspends the operation of the judgment sought to be set aside. But this is not an invariable rule. It was not the intention of the General Assembly in the act of 1838 (Cobb's Digest, p. 296) that 'upon the death of any person testate or intestate, leaving an estate solvent or insolvent, and leaving a widow, or a widow and minor child or children, or minor child or children only,' the provision for the support of the family remain in abeyance and the family suffer want, and perhaps starvation, until the rights of any person other than the beneficiaries of the twelve months support were determined." It was then held, under the circumstances in that case, where the widow filed a petition to enjoin heirs of the husband, who had appealed to the superior court from a judgment in the court of ordinary allowing her a year's support, from interfering with her possession of the land set apart during the pendency of the appeal, that the judge did not err in granting an interlocutory injunction, "which would enable the widow to collect for her support some rent ad interim, with which to procure 'necessaries.'"

The statement by this court in *Mulherin* v. *Kennedy,* 120 *Ga.* 1080 (2) (48 S. E. 437), that, on an appeal to the superior court from a judgment setting apart a year's support, "the only effect of the judgment appealed from is to prevent the alienation of the property," when taken literally, would authorize the holding of the Court of Appeals that no title to the land set apart as a year's support vested in the widow until the judgment in the superior court was rendered on the appeal. This court with more latitude than that court, in dealing with the adjudications of this court, finds it necessary to restrict the statement as there made, which, as we

interpret it, was only intended to mean that the judgment in the court of ordinary, pending appeal, did not put the indefeasible title in the widow so that it could not be divested; and that consequently, pending the appeal, an attack made on the title by certain creditors claiming title as against that of the deceased husband, from whose estate the land had been set apart, would not be cut off while the appeal was pending and before the judgment had become absolute. The general statement made by this court in that case, that "the only effect of the judgment appealed from is to prevent the alienation of the property," therefore, went further than was necessary in the holding actually made, and further than was authorized. The statement, conflicting in principle with the Code, § 6-502, and with other prior rulings by this court, will not be given effect. See, in this connection, *Dix* v. *Dix,* 132 *Ga.* 630 (2) (64 S. E. 790); *Jones* v. *Cooner,* 137 *Ga.* 681, 682 (74 S. E. 51), holding that the setting apart of a year's support will not in any event determine title to the decedent's estate.

Reliance is had in the brief of the respondent in certiorari on the unanimous decision of this court in *Olmstead* v. *Clark,* 181 *Ga.* 478 (182 S. E. 513). That case did not involve an appeal from the ordinary's court to the superior court, and the statute which we have quoted and which we think governs in this case was therefore not applicable. All that was held in that case was that taxes accruing after the filing of the appraisers' return, but before the approval and record of the return by the ordinary, would not fall upon the widow, where she was not in possession of the property. Even though it should be true, as left open in that case, that the filing of the return could operate to vest title in the widow, this would only be true where no objections are filed. *Vaughn* v. *Fitzgerald,* 112 *Ga.* 517, 519 (37 S. E. 752). In the *Olmstead* case objections were filed, and until they were passed upon by the ordinary and overruled, and the return approved and recorded, the title would not vest in the widow, with the result that pending such adjudication in the ordinary's court she would not be chargeable with taxes accruing during such interval. In this case, although objections were filed, as in the *Olmstead* case, this case differs from that case, in that here there was necessarily a judgment from which an appeal was taken to the superior court. This judgment of the court of ordinary put the status as to the title back just as if no objec-

tions had been filed, with the result that pending the appeal there-from the widow in this case became vested with the title subject to be divested if the judgment on appeal should be adverse. Pending such an appeal from the judgment of the court of ordinary, the statute which provides that a judgment is not vacated, but merely suspended, must be given effect.

The rule just stated, that the original judgment is not vacated, but at most is merely suspended, is not changed in a case of the character now under consideration by the provision of the Code, § 113-1005, that "if an appeal is taken, pending the appeal the family shall be furnished with necessaries by the representative of the estate." The beneficent purpose of the provision for a year's support is to see that the widow and minor children, upon the death of the husband and father, shall not be cut adrift, but shall have immediate relief by having set apart funds or property to carry them through the period of a year, taking into consideration the circumstances and standing of the family previously to the death of the husband, and also keeping in view the solvency of the estate. This allowance from property belonging to the husband's estate is to be taken as higher than any debt and is to be regarded as a part of expenses of administration. In order that the purpose of the allowance should not be thwarted, the above quoted language, which is taken from the act of the General Assembly of October 9, 1885 (Ga. L. 1884-5, p. 49), made the additional provision in order that the widow and minor children would not be helpless pending the appeal taken to the allowance of their year's support. Since, pending appeal, the year's support is not subject to alienation and can not be consumed, but for such a provision the intent and purpose of the act would have been nullified. It is similar in effect to the other provision of the Code, § 31-102, which gives to the widow temporary possession of the dwelling house and furniture, independently of her right to dower and year's support. *Calhoun* v. *Calhoun*, 58 *Ga.* 247, 248; *Rambo* v. *Bell*, 3 *Ga.* 207, 208. It is, of course, apparent that it is the corpus of the year's support, and not the income therefrom, which the law contemplates shall provide protection during the transition period following the death of the husband and father. The fact that the widow and children might ultimately receive what income, if any, might accrue from the allowance would not meet the acute situation, either as to time

or as to amount, since, as stated, it is the corpus of the allowance which the law gives for the emergency. Whether "necessaries" thus furnished by the representative of the estate pending an appeal would amount to an advance to be taken out of the year's support, or whether it is an additional allowance, is a question which is not now presented, since it does not appear that any such necessaries were actually furnished.

In accordance with the rules herein stated, the Court of Appeals erred in holding in effect that the judgment of the court of ordinary was vacated by the appeal, and in holding that the petition of the widow against the executor of the will, seeking to recover rents from the land set apart, was subject to the general demurrer.

*Judgment reversed. All the Justices concur, except Reid, C. J., and Duckworth, J., who dissent.*

### ON MOTION FOR REHEARING.

JENKINS, Justice. The executor moves for a rehearing on the ground that this court "predicated its judgment upon the assumption" of certain controlling facts, "that the return of the appraisers . . was approved and recorded by the ordinary," whereas the record shows only that the appraisers filed their return, that objections thereto were filed; that "the matter was appealed by consent to the superior court, and the judgment of the court of ordinary was thereby expressly waived;" and "the record therefore shows that the first judgment that was entered by any court, after the filing of the objections, was the judgment of the superior court . . and until that date the title could not and did not vest in the widow."

The question thus presented is now in this motion raised for the first time. Since the decision of the Court of Appeals and the contentions of the parties were apparently based on the assumption that the appeal from the court of ordinary had been preceded by a judgment in that court on the objections filed, or the equivalent of such a judgment, no reference was made to a situation such as is now presented.

However, the contentions of the movant are without merit. In *Brown* v. *Anderson*, 13 *Ga.* 171 (4), 180, it actually was made to appear that an appeal by consent had been entered from the court of ordinary to the superior court before any decision was made by the ordinary, and while a caveat to a will remained pending. This

court, speaking through Judge Nisbet, held that even though under the then existing statutes, as now, "a party is not entitled to an appeal from the ordinary as matter of right until there is a decision in that court" (Act of 1805, Cobb, 283, as amended; Code, §§ 6-201, 6-202), and even though "in strictness of law, there can be no appeal until the ordinary has fulfilled his functions," since "the constitution and the law make the decision itself the matter appealed from"—yet an appeal by consent before a decision is not "violative of these propositions," but *"it is equivalent to a confession of judgment;"* that "it is competent for the parties to appeal by consent without paying cost or giving bond, and without affidavit of inability to do so;" that these conditions may be waived; and therefore  that no actual decision by the ordinary was necessary.

Since the present motion thus necessarily recognizes that, by the consent appeal, "the judgment of the court of ordinary was  .  . *expressly waived,"* and since such an express waiver had the same legal effect as a formal decision or judgment of the court of ordinary as to the matter at issue, it follows that the status of the widow as to her title was the same as if the decision or judgment had been formally rendered.

*Rehearing denied.   All the Justices concur, except Reid, C. J., and Duckworth, J., who dissent.*