31789.   WALRAVEN *v.* WALRAVEN.

Decided February 18, 1948.   Adhered to on Rehearing March 29, 1948.

714

*J. H. Paschall, R. F. Chance, Harbin M. King,* for plaintiffs in error.

*Henry L. Barnett,* contra.

MacIntyre, P. J. ■ The applicant filed demurrers to the caveat as amended. The trial judge sustained the demurrers and struck paragraphs three, four, and five of the caveat. The caveators excepted pendente lite. Later the caveators amended their caveat to meet the order sustaining the demurrers to paragraphs three and four. The caveators now assign as error the ruling of the trial judge on the demurrers.

"Where a party submits to a ruling sustaining a demurrer to his pleading, by filing an amendment to meet the grounds of demurrer, he can not afterwards insist upon an assignment of error on exceptions pendente lite to the ruling on the demurrer. . . The plaintiffs in error, having filed an amendment to their answer in order to meet the order sustaining a demurrer to certain paragraphs, can not now complain that the order was erroneous." *Stainback* v. *Dunn,* 53 *Ga. App.* 464 (3) (186 S. E. 220). See *Rivers* v. *Key,* 189 *Ga.* 832 (1) (7 S. E. 2d, 732); *Norton* v. *Brown,* 173 *Ga.* 146 (3) (159 S. E. 702); *Fuller* v. *Fuller,* 41 *Ga. App.* 24 (152 S. E. 122).

Under the above authorities, the caveators, plaintiffs in error, cannot now complain that the order in the instant case was erroneous as it relates to paragraphs three and four.

■ Relative to paragraph five of the caveat, the allegations were as follows: "5th. That the said application for year's support is proceeding illegally, in that no administrator or executor has been appointed or qualified, but on the contrary the same is proceeding according to a scheme or plan between the said Mrs. Eva Walraven and D. B. Walraven which amounts to

and is collusion between them to the disadvantage and hurt of the other children and heirs at law of the said W. R. Walraven, deceased." This paragraph was thereafter amended on August 28, 1946, by adding the following: "That the said Mrs. Eva Walraven and D. B. Walraven are colluding and conspiring to defeat the rights of the other heirs at law of W. R. Walraven, deceased, in that the said Mrs. Walraven is not the real applicant for year's support in said case but is being used by the said D. B. Walraven, as such only to have said farm and life's earnings of the said W. R. Walraven, deceased, set apart to her so that he may obtain control of the same through her and in order to sell and dispose of same and use the money for himself; that the said D. B. Walraven has boasted that he was going to get the property himself one way or another; that the said D. B. Walraven and Mrs. Eva Walraven have collected money due the estate and have not accounted for same and refuse to inform other heirs how the money was spent or give them any information as to the condition of the estate in order to keep caveators ignorant of the true condition of the estate."

The demurrer raises the question of whether the caveator's conclusion as to the existence of such a conspiracy between Mrs. Eva Walraven and D. B. Walraven in paragraph five as amended is good in law.

Whatever the first preliminary allegation of fact—"that the said Mrs. Walraven is not the real applicant for year's support in said case, but is being used by the said D. B. Walraven as such only to have said farm and life's earnings of the said W. R. Walraven, deceased, set apart to her so that he may obtain control of the same through her and in order to sell and dispose of the same and use the money for himself"—may show with reference to the intention of D. B. Walraven, it does not show that Mrs. Walraven had any like intention or that she was conspiring to defraud.

The second preliminary fact alleged—that D. B. Walraven had boasted, not in the presence of Mrs. Mary Eva Walraven, that he was going to get the property for himself one way or another— would not be binding on Mrs. Walraven until the alleged conspiracy was prima facie shown.

The third preliminary fact alleged is that the said D. B. Wal-

raven and Mrs. Eva Walraven have collected money due the estate, and have not accounted for the same and refuse to inform other heirs how the money was spent or give them any information as to the condition of the estate, in order to keep the caveators ignorant of the true condition of the estate.

This third preliminary fact, as alleged, would not, singly or in connection with either or both of the above-mentioned preliminary facts, make out a prima facie case that Mrs. Walraven engaged in a conspiracy to defraud the estate or, as contended by the caveators in their brief, that she was conspiring and colluding to do something that was unlawful, oppressive or immoral, or to do something not unlawful, oppressive or immoral by unlawful, oppressive or immoral means.

Paragraph five of the caveat, as first amended on August 28, 1946, which is now under consideration, did not merely undertake to ask that what the widow consumed be applied on the award of her year's support, but undertook to establish a conspiracy that damaged the other heirs. "What is the object of the law setting apart a year's support for the widow and minor children of the deceased? The law explains itself. It is to prevent a family being turned away houseless—a widow and children—and cast upon the world in their forlorn condition. Hence, it provides that, whether the deceased departed this life testate or intestate, solvent or insolvent, still the family should have a year's support, under all circumstances." *Blassingame* v. *Rose*, 34 *Ga*. 418, 421. "Where an executor advances a support to the family of the deceased, although not specifically set apart by appraisers, he is entitled to be credited with it in accounting with the creditors and heirs, the burden being on him to show that it was a proper and necessary amount." *Simmons* v. *Byrd*, 49 *Ga*. 285 (2). Whenever the widow applies for an assignment of the year's support, "she must be held chargeable with the value of what she had previously consumed" of her deceased husband's estate. *Wells* v. *Wilder*, 36 *Ga*. 194, 198. And thus it seems to us that the preliminary or evidentiary facts alleged, when construed most strongly against the pleader, would only authorize a conclusion that the widow was chargeable with the value of anything which she may have previously consumed of her deceased husband's estate; or that she had been aided to obtain an ad-

vance of a portion of the deceased husband's estate toward her year's support, which, without an allegation that the amount advanced was more than a proper and necessary amount for the purpose of a year's support, would not show that the widow had obtained anything more than that to which she was entitled, or that the other heirs had been damaged, which damage is a necessary element of a civil conspiracy. See *Woodruff* v. *Hughes,* 2 *Ga. App.* 361 (58 S. E. 551).

The preliminary or evidentiary facts relied upon to support the conclusion that such a conspiracy or collusion existed should be pleaded, and unless the preliminary facts support the conclusion it is not good in law. The conclusion that such a conspiracy or collusion existed, drawn from the evidentiary facts alleged in this paragraph of the caveat as first amended, was not good in law. We think that the demurrer which raised this question was properly sustained. See *Fuller* v. *Inman,* 10 *Ga. App.* 680, 694 (4) (74 S. E. 287).

■ In special ground one of the amended motion for new trial, the caveators assign as error the following charge of the court: "And also by another amendment the caveators set out a will of W. R. Walraven, and say that it was probated in common form in September, 1946, in the court of ordinary, and in that will Mrs. Eva Walraven was given a life estate, and they say that Mrs. Eva Walraven having remained on the property and accepted the rents and proceeds therefrom, she has by those acts elected to take under the will, and for that reason would be barred from a year's support. And also, they say that Mrs. Eva Walraven sold and disposed of certain timber and that she ought to be required to account for that, and that amendment was allowed and ordered filed and is a part of the pleadings. However, gentlemen, I charge you in connection with that amendment, with reference to the will and with reference to the charge that Mrs. Eva Walraven disposed of certain timber, that you will disregard all the testimony concerning that amendment, because I charge you that there is not sufficient evidence upon which a verdict could be based that she elected to take under the will, and also there is not sufficient evidence upon which a verdict could be based that she received any benefit from the cutting of any timber. Also, gentlemen, attached to that amendment is the will of

W. R. Walraven, the will was introduced in evidence only in support of those amendments in order to show what the will was under which they said she had elected to take the rents and profits, than to take a year's support; the will being in evidence only for that purpose, you will disregard the will and the provisions thereof."

The caveators contend that the trial judge erred in withdrawing the will from the consideration of the jury because it was an expression on the part of the testator as to the amount necessary for the support of the applicant. They contend further that the exclusion of the will was an expression by the court that the annual profits and proceeds from said farm were not sufficient for the support of the applicant.

The application for year's support was filed on March 28, 1946; the testator died on February 24, 1946; the will of the testator was offered for probate at the September term, 1946.

Item three of the will provides: "I will, bequeath and devise all of my property, both real and personal, of whatever kind and wherever situated to my beloved wife, Eva Walraven, for her use and benefit for and during her natural life, or until she should marry again, if she should so wish." Item five provides: "It is my will and desire, and I so intend, that the provisions herein made for my said wife, and the interest therein conveyed to my said wife, shall be in lieu of dower and year's support, and before taking under this will, I enjoin my wife to file an express renunciation of her right to dower and year's support, and in the event that she should fail and refuse to do so, this will shall be effective in the same way and to the same extent as if she had died or married again, and the property is then and at the time to be disposed of as provided in item four of this will."

Code § 113-1007 provides: "A testator may, by his will, make provision in lieu of this support for 12 months; in which case the widow may elect, under the same rules as regulate her election of dower."

Code § 31-102 gives to the widow temporary possession of the dwelling house and furniture, independently of her right to dower and year's support. *Tilley* v. *King*, 193 *Ga*. 602, 607 (19 S. E. 2d, 281); *Calhoun* v. *Calhoun*, 58 *Ga*. 247, 248. See, 126 A. L. R. 796, 815.

Even though the will of a decedent provides that his widow shall take under the will only if she renounces her right to dower and year's support, she must do some act which shows her acceptance of that provision in lieu of dower and year's support. *Forester* v. *Watford*, 67 *Ga.* 508; *Bass* v. *Douglas*, 150 *Ga.* 678 (104 S. E. 625).

There is no evidence in the record which shows that the widow renounced her right to dower and year's support. The fact that the widow remained on the property of the testator is not sufficient to show an election on her part to take under the will rather than to take a year's support.

We are of the opinion that the trial judge did not err in excluding the will in question from the consideration of the jury for any of the reasons assigned in this special ground.

■ In special grounds two and three, the caveators assign as error the following portion of the charge: "I charge you, gentlemen, in this case the burden of proof rests upon the caveators to set aside the return of the appraisers. The return of the appraisers is presumed to be correct and is bona fide correct, and the burden is upon the caveators to set aside the return of the appraisers, and that must be done by a preponderance of the evidence."

The caveators contend that the charge was erroneous and not sound as an abstract principle of law; that the charge was misleading and placed a greater burden on the caveators than the law imposes; and that the charge placed undue emphasis upon the principle that the burden was upon the caveators to set aside the return of the appraisers. While we really think that the "palpable slip" was in erroneously copying the charge in the ground, we are assuming that the court did charge as stated in the ground.

In their brief, counsel for the caveators state: "The court obviously intended to charge the jury that the return of the appraisers was 'prima facie' correct instead of 'bona fide' correct." We, too, think that the court intended to use the term, "prima facie," rather than the term, "bona fide." While the term in its technical meaning was not appropriate, we think that the jury could not have been misled by this obvious verbal inaccuracy which resulted from a "slip of the tongue." *Wilson* v. *State*, 66

*Ga.* 591, 594; *Sellers* v. *Savannah, Florida & Western Ry. Co.,* 123 *Ga.* 386, 389 (51 S. E. 398) ; *Louisville & Nashville R. Co.* v. *Culpepper,* 142 *Ga.* 275 (2) (82 S. E. 659).

We think that these grounds of the motion for new trial show no cause for a new trial.

■ In special ground four the caveators contend that the court erred in admitting the following testimony of Ralph Walraven, witness· for the caveators and one of the caveators, on cross-examination by the applicant: "Yes, he [the testator] had some money owing to him. Some of that money was two notes, dated January 1, 1937, for $100 each, signed by me, and I still owe those notes." The caveators contend that the admission of this testimony was harmful and prejudicial, because the witness was Ralph Walraven, one of the caveators, and the jury probably believed that his objection to the return of the appraisers in setting aside all of the property of W. R. Walraven was based on the fact that he owed the estate some money.

We think that the testimony of the witness was not improperly allowed for the reason assigned. "It is competent for either party to·show the interest taken in the case by a material witness for the opposite party; and this may be done on cross-examination of the witness himself." *Atlantic Coast Line R. Co.* v. *Powell,*. 127 *Ga.* 805 (56 S. E. 1006, 9 L. R. A. (N. S.) 769, 9 Ann. Cas. 553). "A party may show anything which may, in the slightest. degree, affect the credit of an opposing witness." *McGriff* v.. *McGriff,* 154 *Ga.* 560 (5) (115 S. E. 21).

■ Grounds five, six, and seven. Dennis Walraven, the son and executor of the deceased husband of the applicant for a, year's support, and witness for the caveators, testified that, shortly before the death of the deceased, certain timber on about forty acres of land had been sold from the place of his father prior to· his death, and that the money from this timber had been paid by· him [Dennis Walraven] on the grocery and doctor bills and· funeral expenses of his deceased father, and that none of the· money whatsoever from the sale of this timber was spent on the· support of the widow since the death of the testator, either as. a part of the year's support or otherwise.

Notwithstanding this testimony, the caveators seemed to wish· to reinject the timber issue further into the year's support pro--

ceeding by asking the following questions: (1) "How much were those bills, Dennis?" (2) "How much did you receive for this timber?" (3) "Have you made any accounting for it?" These questions were excluded by the court.

Since the widow had received none of the money from the timber sale as a part of the year's support or otherwise, these questions would have been more appropriate in a proceeding by the distributees of the will of the deceased father, among whom were the caveators, to determine whether Dennis Walraven, the executor, was properly administering the assets of his father's estate—including, of course, the money received from the timber sale—rather than in the proceeding here, which was instituted to set apart to the widow a year's support. To have injected the timber issue further into this proceeding, would have plunged the court into an unnecessary controversy which, as we read the record, would at least have likely diverted the jury's attention from the real issue in the year's-support proceeding and confused rather than aided the jury in deciding the material issues in the instant proceeding.

These grounds are not meritorious.

■ In special ground eight the caveators complain of the admission of certain testimony of M. F. Fuller, a witness for the caveators being questioned by the applicant. The witness was asked: "If Mrs. Walraven [applicant] is in such physical condition that she would require the attention of a doctor, or a doctor to make a trip to her home at the expense of $10 twice a month, and that she would require constant attention?" The caveators objected to this question on the ground that there was no evidence in the record that Mrs. Walraven's condition was such as to require the services of a physician twice a month. In answer to the question the witness stated: "If her condition is such that she requires two trips a month at $10, and her condition is such that it wouldn't be safe for her to be alone, that she requires a constant attendant to perform all of the household duties and care for her, except for washing dishes—as to what in my opinion would be a reasonable amount for a year's support and maintenance for the period of a year, well, I just couldn't say. As to whether or not it would be more than $500 if that is her condition, well, $500 would go a long ways. As to whether

or not I would say $500, in my opinion, was enough to take care of her if that is her condition, well, it is like what you say, I don't expect it would be enough for it, but I don't know about that part of it."

Dr. J. E. Billings, witness for the applicant, testified: "The ordinary fee for a visit to Mrs. Walraven's home is $10." On cross-examination he testified: "I feel a patient like that should be checked once in two months or once a month, that is pertaining to complications, if she did take on inflammation, have any complication, she would need attention. I feel like her case is one that would not need an enormous doctor bill."

We are of the opinion that the testimony was not objectionable for the reason assigned.

■ In special ground nine the caveators assign as error the admission of testimony relative to the amount necessary to support the widow in her condition after the death of her husband. They insist that the court should have excluded all such testimony, and should have allowed only testimony which showed the amount necessary to support the widow according to the circumstances and standing of the family prior to the death of the husband. The testimony objected to related primarily to the physical condition of the applicant after the death of her husband.

The trial judge read to the jury the provisions of Code § 113-1002, a portion of which is: "a sufficiency from the estate for their support and maintenance for the space of 12 months from the date of administration, in case there is administration on the estate, to be estimated according to the circumstances and standing of the family previous to the death of the testator or intestate, and keeping in view also the solvency of the estate."

"Special circumstances occurring and existing during the first year after the death of the head of the family, and illustrating the amount necessary for the support of the widow, should be considered by the jury, but the proper allowance to be made to her must finally be determined according to the circumstances and standing of the family previous to the death of the husband, due regard being had to the solvency of the estate. If the circumstances of the decedent and the standing of his family during his lifetime were such as to warrant reasonable medical attention to the wife in the event such were necessary, if such

medical services are required by the widow during the year following the death of the husband they should be considered in fixing the amount to be allowed her as a year's support. The whole amount allowed her should be sufficient to support and maintain her, including necessary medical service, in keeping with the circumstances and standing of the family previous to the death of the husband, due regard being had to the solvency of the estate." *Young* v. *Anderson*, 19 *Ga. App.* 551, 553 (91 S. E. 900). See, *Lang* v. *Hopkins*, 10 *Ga.* 37, 42; *Cheney* v. *Cheney*, 73 *Ga.* 66, 71; *Burch* v. *Harrell*, 57 *Ga. App.* 514, 518 (2) (196 S. E. 205).

This ground of the motion for new trial is not meritorious.

■ We are of the opinion that the evidence amply authorized the verdict; the trial judge did not err in overruling the motion for new trial.

*Judgment affirmed. Gardner and Parker, JJ., concur. Townsend, J., disqualified.*