PHELPS *v.* DANIEL, and *vice versa.*

| 86 | 363 |
| 106 | 25 |

1. Appeal lies to the superior court from a judgment of the ordinary disallowing objections filed by a creditor to the return of appraisers appointed to set aside and assign a year's support to a minor distributee.

2. Appeal bond need not set out the judgment appealed from, the judgment appearing elsewhere in the record.

3. Amendment of a *caveat* by striking out some of the grounds thereof is allowable in the appellate court, one or more sufficient grounds being left unstricken.

4. A year's support for a minor child of a married woman cannot be assigned out of her estate, upon her death intestate, leaving her husband, the father of the child, surviving. In such case the child and its father take in equal shares by virtue of the act of December 9th, 1871, Code, ₴1761.

December 23, 1890.

Year's support. Appeal. Ordinary. Bonds. Amendment. Before Judge LUMPKIN. Taliaferro superior court. August term, 1890.

Rebecca Daniel, as next friend of Willie Bird, applied to the ordinary for the setting apart of a year's support to Willie Bird out of the estate of his mother, M. E. Bird. The ordinary appointed appraisers to set aside such support, and they reported that they had set apart $700 in money. The return was received and citation issued by the ordinary. Phelps, as a creditor of Mrs. Bird, filed a *caveat* on three grounds, one of which was, that Willie Bird is not legally entitled to a year's support out of the estate of his mother, she being at the time of her death a married woman and leaving her husband surviving, who is still in life and is the head of a family and as such legally chargeable with the support and maintenance of his minor child, Willie. This *caveat* was heard at the May term, 1890, of the court of ordinary and was stricken by the ordinary, who allowed the application and admitted to record the return of the appraisers. Phelps appealed to the superior court. In that court the applicant moved to dismiss the appeal upon the grounds that no judgment appeared on the appeal bond from which to appeal, that no issues of fact were passed on, that the ordinary in acting on the matter did and could only act as ordinary and not as the court of ordinary, and only from the decision of the court of ordinary could there be an appeal, and because caveator's remedy was by *certiorari* and not by appeal. Phelps moved to amend his *caveat* by striking the two grounds other than the one above stated. The following facts were agreed upon: Mrs. Bird was the mother of Willie Bird, who is six years old. He and his father survive her. The father has been for several years financially and physically unable to support his child, and has not contributed to his

support. He was living with his wife and child when his wife died. Phelps is a creditor of Mrs. Bird who, at the time of her death, had a separate estate. She executed and delivered to Phelps a mortgage on a tract of land belonging to her estate.

The judge refused the motion to dismiss the appeal, allowed the amendment offered by Phelps, and held that the minor was entitled to the year's support as set apart by the appraisers.

Phelps excepted. By cross-bill exception was taken to the overruling of the motion to dismiss the appeal, and to the allowance of the amendment over objection.

P. L. Mynatt, M. Z. Andrews, J. F. Reid and J. C. Hart, for appellant.

H. M. Holden, contra.

Bleckley, Chief Justice.

The cross-bill of exceptions is first to be considered.

1. The right to appeal is recognized expressly in the statute by which proceedings for a year's support are provided for and under which they are to be conducted. Code, §2573, Acts of 1884–5, pp. 49, 50. Quite a number of cases have been brought to this court in which the right of appeal was exercised, and we have never before heard the question made. The ordinary certainly acts judicially in allowing or disallowing objections filed to the return of appraisers appointed to set apart and assign the year's support.

2. The suggestion that the appeal is vitiated because no judgment appears in the appeal bond is altogether novel. We have never heard or read that an appeal bond must set out the judgment appealed from. Surely it is enough if the judgment appears in the record.

3. The amendment to the caveat which the superior court allowed was only to strike out one or more of the grounds of the caveat; and as the code, §3479, expressly

provides that all parties, as matter of right, may amend their pleadings in all respects, whether in matter of form or substance, provided there is enough to amend by, it is plain that there was no error in allowing this amendment. When there is enough in a *caveat* to spare some of it by striking out, and still have a sufficient *caveat* left, there can be no question that there is something to amend by.

The judgment on the cross-bill of exceptions is affirmed.

4. The main bill of exceptions presents a question of some interest: Is the minor child of a married woman entitled to a year's support out of her estate, upon her death intestate, leaving her husband and the child surviving? The law relating to a year's support is a part of the statute of distributions. *Farris* v. *Battle*, 80 *Ga.* 187. Until the act of December 9th, 1871 (Acts of 1871-2, p. 48, Code, §§1761, 2484), the law of descent and distribution in this State made the husband sole heir to the wife. The children of the wife, whether minors or not, took nothing under the statute of distributions if she died before the husband. It follows, therefore, indubitably that the statutory provisions for a year's support as now contained in section 2571 of the code did not, when originally passed, contemplate that the minor child of a married woman should be entitled to anything by way of a year's support out of her estate. This section of the code has undergone no alteration since the act of 1871 was passed, but remains just as it previously stood. If, therefore, it has any meaning since the passage of that act which it did not have before, it must be on account of something contained in that act, for there is nothing elsewhere, so far as we know, to vary its former meaning. The title of the act of 1871 is, "An act to change the law of distributions so far as affects the separate property of

married women"; and the body of the act declares: "That on the death of a married woman, intestate, leaving a separate estate, without remainder or limitation over which can and does take effect, who shall leave a surviving husband and child, or children, or descendants of a child or children, such separate estates shall be equally divided, share and share alike, between said husband and said offspring, *per capita*, but the descendants of children shall take *per stirpe*." This is the latest exposition of the legislative will as to how the property of a married woman shall be disposed of upon her death intestate. In the present case there was a surviving husband and one surviving child. The mandate of the statute is express that the estate "shall be equally divided, share and share alike, between said husband and said offspring *per capita*." Were a year's support to be carved out of it for the child by virtue of section 2571 of the code, equality of division to that extent would be departed from; for one object of this section, as has been ruled in *Farris* v. *Battle, supra,* is to distribute to minor distributees more than to their adult co-distributees. It might be very well for the legislature to provide for such inequality as between a surviving husband and the minor children of his deceased wife, but it has not yet done so. On the contrary, as we have seen, its express mandate is that the shares shall be equal. Nor can we recognize an exception in the present case on account of the poverty and physical disability of the husband and father, resulting in his inability to support the minor child. The question is one of statutory construction, depending wholly on the law of distribution as ordained by the legislature; and whatever may be the hardship of a particular case, we must abide by the law as it is written. Neither can we bring the minor within the statutory provisions for a year's support as

against creditors any more than against adult co-distributees. The creditor of a married woman occupies the same footing now as he did prior to the act of 1871. Before that time he could not be excluded by a claim for year's support in favor of the minor children of his deceased debtor, nor can he now be excluded in favor of such a claim. The act of 1871 has changed the position of the husband and children relatively to each other ·in some respects, but not in respect to a year's support. Nor has it changed the position of creditors relatively to the estate of married women in any respect whatever. It does not even mention creditors, and to affect them· by it in any way would be wholly unwarranted.

The court erred in ruling that the minor child was entitled to a year's support out. of the mother's estate as against the competing creditor, and in giving judgment accordingly.          *Judgment reversed.*