## VITTUR, guardian, *v.* McCLURE TEN-CENT CO. INC.

Where by interposing a statutory claim against a levy of an execution a plaintiff can attack as void the judgment on which the execution is based, it is not error to refuse an injunction to restrain the levy.

No. 5643.    OCTOBER 1, 1927.

Petition for injunction. Before Judge E. D. Thomas. Fulton superior court. June 17, 1926.

*Walter R. Brown,* for plaintiff.    *A. R. Dorsey,* for defendants.

ATKINSON, J.   A creditor, having obtained a common-law judgment against Mr. and Mrs. A. J. Ferguson, caused summons of garnishment to be issued against Vittur Transfer & Storage Company. The return of the officer was as follows: "Georgia, Fulton County. I have this day served summons of garnishment issued upon within affidavit and were [writ?] on Vitturs Trans. & Str. Co. by serving same on Ernest Vitturs its partner and personally in charge of the office and place of business at the time of service of said garnishee in City of Atlanta, said county, at 12-05 o'clock p. m. This the 4th day of Sept., 1925. H. W. Shadburn, D. M." No answer to the summons of garnishment was filed, and a judgment was entered against "Vitturs Trans. & Storage Co.," as garnishee, for the amount of the judgment. Execution was issued upon the judgment against the garnishee, and was levied upon certain property as the property of the Vittur Transfer & Storage Co. Afterward Ernest J. Vittur as guardian of Charles Vittur instituted an equitable action seeking to enjoin enforcement of the levy, upon the grounds that the judgment against the garnishee was void, because the Vittur Transfer & Storage Company was the name under which Charles Vittur, an insane person, did business which was being managed by E. J. Vittur as guardian for Charles Vittur; that E. J. Vittur as guardian was not served with the summons of garnishment; and that E. J. Vittur was not a partner in said business. The court denied an injunction, and the plaintiff excepted.

Even if the plaintiff in this equitable suit did not have an adequate remedy at law by an affidavit of illegality, he had such remedy at law by filing a claim. On the trial of the claim case the claimant

Equity, 21 C. J. p. 35, n. 15.

Executions, 23 C. J. p. 553, n. 96; p. 560, n. 87, 88.

Injunctions, 32 C. J. p. 57, n. 34; p. 99, n. 51.

could attack the judgment as void. *Wheeler* v. *Martin,* 145 *Ga.* 164 (1*a*) (88 S. E. 950). Under application of the principle that equity will not interfere where the plaintiff has an adequate remedy at law, the court did not err in refusing an injunction. See *Smith* v. *Murphey,* 140 *Ga.* 80 (78 S. E. 423).

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents, and Hill, J., absent.*

RUSSELL, C. J., dissenting. I can not concur in the opinion that one can by claim assert any rights in property when he is the defendant in fi. fa. In such a case the plaintiff in fi. fa. offers nothing except the fact that the defendant in fi. fa. is the owner of the property, and the claimant would not be benefited by assenting to that proposition. Furthermore, the remedy by claim would not effect the cancellation of the judgment, as prayed; and in my opinion the uniform procedure act of 1887 was intended to give a litigant an option whether he would proceed at law or in equity. In the case at bar a claim would be returned to the municipal court of Atlanta. The petitioner had the option to prefer to litigate in the superior court as he might under the equitable petition filed by him.