## GRANT *v.* SOSEBEE.

No. 7283. December 17, 1929. Rehearing denied January 20, 1930.

*J. C. & H. E. Edwards,* for plaintiff in error.
*Hamilton Kimzey,* contra.

Russell, C. J. A widow, there being no minor children, caused a year's support out of the estate of her deceased husband to be duly

set apart. Previously to the setting apart of the year's support the widow executed a deed to the same land later set apart as year's support, to secure the payment of a promissory note. Subsequently to the setting apart of the year's support, the note was sued to judgment and both a general and a special lien was created on the above-mentioned land formerly belonging to the deceased husband. Fi. fa. was levied, and the widow, defendant in fi. fa., filed a claim in which she contended that the note was given for a debt of her son-in-law, and that she signed the same as security; that the consideration for the note was not for her support as such widow, and that therefore the land could not be subjected to the judgment. The court directed a verdict against the claimant. Motion for new trial was overruled, and the movant excepted.

Upon careful consideration of the entire record it is very clear that the controlling question in the case is whether the year's support allowed by law to a widow, which has been set apart to her in accordance with the statute, can be subjected to the payment of a debt created by the widow prior to the setting apart of the year's support, when it appears without contradiction that nothing was furnished for the support of the widow as any part of the consideration of said debt. On the contrary the evidence discloses that the consideration named in the note and the deed made by the widow to secure it was the debt of her son-in-law, and that she received no benefit. It is insisted by the defendant in error that although the debt which the fi. fa. in this case was proceeding to enforce antedated the security deed executed by the widow, nevertheless the judgment of the court of ordinary in allowing the year's support having placed title to the property therein described in the widow, this inured to the benefit of the grantee in the security deed, under the rule that though a grantor in a deed may have no title at the time he purports to convey it, still if the grantor in such case thereafter acquires title it will devolve upon the grantee. Civil Code, § 4189. I am of the opinion that the principle stated in the foregoing section has no application whatever to the year's support provided by the laws of Georgia. Section 4041 is as follows: "Among the necessary expenses of administration, and to be preferred before all other debts, except as otherwise specially provided, is the provision for the support of the family, to be ascertained as follows: Upon the death of any person testate or

intestate, leaving an estate solvent or insolvent, and leaving a widow, or a widow and minor child or children, or minor child or children only, it shall be the duty of the ordinary, on the application of the widow, or guardian of the child or children, or any other person in their behalf, on notice to the representative of the estate (if there is one, and if none, without notice), to appoint five discreet appraisers; and it shall be the duty of such appraisers, or a majority of them, to set apart and assign to such widow and children, or children only, either in property or money, a sufficiency from the estate for their support and maintenance for the space of twelve months from the date of administration, in case there be administration upon the estate, to be estimated according to the circumstances and standing of the family previously to the death of the testator or intestate, and keeping in view also the solvency of the estate. If there be a widow, the appraisers shall also set apart, for the use of herself and children, a sufficient amount of the household furniture. The provision set apart for the family shall in no event be less than the sum of one hundred dollars, and if it shall appear upon a just appraisement of the estate that it does not exceed in value the sum of five hundred dollars, it shall be the duty of the appraisers to set apart the whole of said estate for the support and maintenance of such widow and child or children, or, if no surviving widow, to the lawful guardian of the child or children, for their benefit." It will be noted that this is not a grant by law of any specific property to be used for all purposes. It is granted for a particular purpose and none other. It is for the support for one year, or longer in some instances, of the widow alone or the widow and minor children, if there be such, from the property of the decedent, even though his estate may be insolvent and unable to pay a single debt. In fact, if he has only $500 worth of property, the appraisers are directed to set the entire amount apart. It may be granted for more than one year under certain circumstances. In every decision which I have been able to examine this court has studiously adhered to the original concept of the legislation, that the year's support was designed for a support, whether granted to a widow alone or to a widow and minor children. In the recent cases before this court upon this subject the court has subjected the year's support to fi. fas. proceeding against the widow alone only when it appeared that the debts upon

which the judgment was based were created in giving a support to the widow or her minor children. Certain it is that to subject a year's support granted to a widow under the judgment of a court of competent jurisdiction only as a necessary expense of administration and for the support of the beneficiaries would subvert the entire purpose of the General Assembly in passing this ancient statute for the purpose of protecting helpless dependents of a deceased husband and father, if the year's support could be subjected to pre-existing debts of a beneficiary when it can not be so subjected to the debts of the decedent, the former owner of the property. I think that the decisions which allow creditors, who after the death of the husband have supported the beneficiaries, to recover for the support thus extended, are sound in principle and equitable. At least there is compliance with the spirit of the law. I think that these decisions go quite far enough, and that they can not be extended to include pre-existing debts of the widow not for the support of herself and minor children, any more than the year's support can be subjected to the debts of her husband and, for the same reason, to wit, that in either event the provision which the law makes for no other reason than as a matter of sound public policy would be defeated and for all practical purposes destroyed.

A "year's support" is an anomaly and specially favorite of our legislation and jurisprudence. "The provision for a year's support is a branch of the statute of distributions, and the persons entitled to it are just as much and as absolutely entitled as they are, in case of intestacy, to a distributive share of the residue after the year's support is deducted and all debts are paid. It is a branch of the statute of distributions, and prescribes how the estate of a deceased person, to this extent, is to be disposed of. Creditors are left out, and adult children are left out, until this much of the estate is withdrawn from it; then they are admitted for participation in the balance. They have no right to anything except by the statute of distributions." *Farris* v. *Battle,* 80 *Ga.* 187 (7 S. E. 262); *Phelps* v. *Daniel,* 86 *Ga.* 363, 366 (12 S. E. 584); *Swain* v. *Stewart,* 98 *Ga.* 366 (25 S. E. 831); *Jones* v. *Cooner,* 142 *Ga.* 127 (82 S. E. 445). The claim of a widow is superior to legacies given by her husband in his will. *Kinard* v. *Clay,* 138 *Ga.* 544 (75 S. E. 636); *Chambliss* v. *Bolton,* 146 *Ga.* 734 (92 S. E. 204).

Whenever a right has attached by reason of widowhood, there must be some law by which it is divested, or it will remain. *Swain* v. *Stewart,* supra. A widow can elect to take a legacy in lieu of a year's support or dower, and may thereafter repudiate this election and stand upon her statutory right to a year's support. Or the widow may elect to take a child's share in realty in ignorance of the condition of the estate or of any fact material to her interest, and yet her right to a year's support is not affected unless the rights of third persons acting bona fide upon her first election are prejudiced. *Tooke* v. *Hardeman,* 7 *Ga.* 20. See also *McNair* v. *Rabun,* 159 *Ga.* 401, 410 (126 S. E. 9). In the *McNair* case, as in the present case, the year's support was set apart only to the widow. Remarriage of the wife before a year's support is assigned does not defeat her right to a year's support in the estate of her former husband. *Swain* v. *Stewart,* supra. In *Rakestraw* v. *Rakestraw,* 70 *Ga.* 806, this court held that it is "the policy of the law to provide for *the support* [italics ours] of the widow and minor children, and the courts should in all proper ways forward and carry out this policy." In *Cheney* v. *Cheney,* 73 *Ga.* 66, 71, Mr. Justice Hall, delivering the opinion of the court, said: "This court has always regarded such claims [year's support] favorably, as will clearly appear from the following cases, to which many others, if necessary, might be added: 10 *Ga.* 37; 23 *Id.* 235, 237; 55 *Id.* 361; 44 *Id.* 316; 61 *Id.* 218, 221; 64 *Id.* 208, 221." This principle applies as well when the beneficiary of the year's support is the widow alone as when there is a family composed of a widow and minor children, for the same benefits are conferred in either case by the express language of the statute, which provides that upon application a year's support must be set aside to the widow, or widow and children.

The provision referred to in section 4189 by its express terms is confined to matter of contract. It rests ultimately upon the doctrine of estoppel, which will not permit the grantor in a deed to assert a title which conflicts with the assertion of his ownership in a prior deed to the grantee. For that reason the law very clearly declares that one who has by deed entitled another to described property must surrender any subsequent title he may obtain to his grantee, and will not be permitted in any way to injuriously affect his prior title to such grantee. Under numerous decisions of

this court, and the provisions of the code itself, in the absence of evidence that the pre-existing debt of the beneficiary of a year's support was created for the purpose of obtaining support there can be no estoppel of the widow's right to assert the superiority of her judgment granting a year's support over all claims against the property set apart to her, of whatever character, kind or nature. Even taxes stand aside in the face of such a judgment. For that reason I consider the fact that there was a special judgment rendered in this case against this property after the setting apart of the year's support as of no consequence. Certainly in the administration of an estate (and year's support is classified as one of the expenses of administration) the setting up of a special lien on this land would not affect the priority of a tax fi. fa., and yet the defendant in error in this case insists that the widow, who has given a security deed to land to which she had only a half interest, if anything, as an heir of her husband, can give this priority over debts due to the State as a sovereign. The provision for a year's support out of the estate of a decedent is an anomaly dictated solely by a very humanitarian public policy, and in its administration this public policy should not be overlooked or disregarded in any instance. It would never do to hold that a widow could sell her expectancy in a year's support. Some little kindness by a crafty creditor, when a widow is overwhelmed by the recent loss of her husband upon whom the law imposed the duty of supporting her, might induce her at that time to convey her expectation of a year's support, so as to secure a pre-existing debt of her husband, while other creditors of his, more considerate of the anguish of the bereaved widow, were humane enough not to press for a similar advantage. It does not seem to me that the rule of the code section (4189), that the maker of a deed can not subsequently claim adversely to his deed under a title acquired since the making thereof, can apply to a deed executed by one who may or may not apply for a year's support, in view of the fact that a deed conveying a bare contingency does not pass title (§ 4117). Viewed in this light, so far from anything said here being inharmonious with the rulings announced in *Lowe* v. *Webb,* 85 *Ga.* 731, 733 (11 S. E. 845), and *Stringfellow* v. *Stringfellow,* 112 *Ga.* 494, 497 (37 S. E. 767), the carefully guarded language in which that ruling is stated supports the proposition that there is in fact no year's support and

the year's support is a mere contingency until it has been set apart by the ordinary. The ruling referred to, which purports to be based on the decisions in *Cleghorn* v. *Johnson, 69 Ga.* 369, *Brown* v. *Joiner, 77 Ga.* 232, and *Farris* v. *Battle,* supra is *"when a year's support is set apart to a widow,* it becomes hers absolutely and unconditionally, and she can sell or dispose of it just as any other person might dispose of his property." Granting this to be the case, the converse of the proposition would seem to be true, and this would be that until a year's support *is* set apart to a widow she can not sell or dispose of it.

The point is made arguendo that the plaintiff in error, because she was named as defendant in fi. fa. in the execution, could not file a claim. It is enough to say in this case that no question was raised in the trial, or by the bill of exceptions, that the remedy by claim was inappropriate or illegal. For that reason an adjudication upon that point is not involved in the case. For the reasons stated the trial court erred in directing a verdict for the plaintiff in fi. fa. A new trial should have been granted upon the three general grounds of the motion therefor. The judgment overruling the motion is therefore

*Reversed. All the Justices concur, except Gilbert and Hines, JJ., who dissent.*

GILBERT, J., dissenting. On the date of the execution of the security deed the grantor was an heir at law of her husband, and had an interest in the land. The security deed, therefore, was effective to grant, as such security, her entire interest in the land. She was not, therefore, conveying a bare possibility. It was a present vested interest. "When a year's support is set apart to a widow, it becomes hers absolutely and unconditionally, and she can sell or dispose of it just as any other person might dispose of his property." *Lowe* v. *Webb, 85 Ga.* 733; *Stringfellow* v. *Stringfellow, 112 Ga.* 494, 497. Cases cited in the majority opinion deal with different facts. In each of the cases there were minor children. No case is cited, dealing with the same state of facts, contrary to the cases just cited and decided at an earlier date, which would make it controlling. Applying the above principle, there being no minor children, the widow took absolute title to the land set apart as a year's support. Immediately upon the judgment setting apart the land as a year's support it inured to the benefit of the widow's gran-

tee named in the security deed executed by her. Moreover, under the Civil Code (1910), § 5157, third persons not a party to the suit are entitled to file claims to property levied upon under an execution. "The defendant in execution is not a party to the statutory claim case." *Brooks* v. *Winkles,* 139 *Ga.* 732 (3) (78 S. E. 129); *Keith* v. *Hughey,* 138 *Ga.* 769 (3) (76 S. E. 91). Both of these are unanimous decisions. The case of *Viltur* v. *McClure Ten-Cent Co.,* 164 *Ga.* 878 (139 S. E. 799), is a later case and not unanimous. The dissent appears to be in accord with the older cases. In this case the party claiming was a defendant, and is now the defendant in fi. fa., and a special lien on the property claimed was awarded in favor of the plaintiff in fi. fa. For this reason also the court properly directed a verdict against the claimant. Mr. Justice Hines concurs in this dissent.