23420. MONTGOMERY, receiver, *v.* McCANTS.

Decided July 11, 1934.

*Robert L. Russell,* for plaintiff in error.
*C. N. Davie, J. F. Kemp, P. K. Burns, R. H. Kimball,* contra.

MacIntyre, J. W. B. McCants died on July 9, 1932, leaving a will, a widow and four children. On December 30, 1932, the widow, Mrs. Henrietta Bell McCants, applied for a year's support from her husband's estate in the court of ordinary; and on that date the ordinary appointed appraisers to assign the same, the appraisers set apart the sum of $2000, consisting of a home in the city of Winder and a farm in the county of Barrow, and citation issued thereon. At the February term, 1933, of the court of ordi-

nary, W. H. Montgomery, as receiver of the Winder National Bank, filed a caveat to the return of the appraisers, alleging that on December 30, 1932, he was appointed receiver of said bank by the Comptroller of the Currency of the United States upon its failure on December 23, 1932; that "all stockholders of said bank became individually responsible for the contracts, debts and engagements of such banking association to the amount of their stock therein, at the par value thereof, and also all stockholders who had transferred their shares or registered the transfer thereof within sixty days next before the date of the failure of such banking association became liable to the extent that their transferees failed to meet such liability;" that the four children of W. B. McCants, who were entitled under the decedent's will to receive each one fifth of his estate, were, on November 4, 1932, owners severally of certain shares of the capital stock of said bank of the par value of $100 each, and did on that date transfer the same to L. S. Patton and W. L. Mathews, said transfers having been made less than sixty days before the failure of said bank; that the sum set apart as a year's support was excessive, but no heir or legatee of W. B. McCants had made any objection to allowance of same, that three legatees were executrices of decedent's will, and there existed no disinterested person to object to the allowance; and that "caveator further shows that as a creditor of four of the heirs of such estate he is interested in the legal distribution of the assets of said estate."

The widow demurred to the caveat upon the general ground, among others, that "it appears upon the face of said objections that the estate of W. B. McCants is not debtor to the Winder National Bank, and that said bank has no interest in the distribution of said estate." The ordinary passed an order dismissing the caveat and upholding the appraisal, and the caveator appealed to the superior court, where he amended, setting up expressly what had already been alleged impliedly, that the two transferees were insolvent and had failed to meet the assessments against the stock they acquired from said persons who were children of said decedent. It was nowhere alleged when or how the children of the decedent acquired the stock. The judge of the superior court passed an order, after a hearing, sustaining the grounds of general demurrer, dismissing the caveat, and making the return of the appraisers, setting apart the said year's support, the judgment of the

court. To this judgment the receiver excepted on the ground that it was contrary to law.

We find the law to be in accord with the ruling of the lower court. A year's support is one of the "necessary expenses of administration" (§ 4041) and is "an incumbrance higher than any debt." *Barron* v. *Burney*, 38 *Ga.* 264; *Dougherty-Little-Redwine Co.* v. *Hatcher*, 169 *Ga.* 858 (151 S. E. 796). Such right is absolute (*Miller* v. *Miller*, 105 *Ga.* 305, 31 S. E. 186), and vests in the widow and minor children immediately "upon the death" of the husband. *Brown* v. *Joiner*, 77 *Ga.* 232 (3 S. E. 157); *Swain* v. *Stewart*, 98 *Ga.* 366 (25 S. E. 831); *Anders* v. *First National Bank of Barnesville*, 165 *Ga.* 682 (142 S. E. 98). The Civil Code (1910), § 4043, prescribing the procedure to obtain a year's support, provides that the ordinary shall issue citation "to all concerned," in order that they may file objections to the return of the appraisers. Ordinarily, without taking into consideration the subject-matter in connection with which the words are used, "to all concerned" would cover all persons *remotely* interested therein. However, a year's support is a favorite of the law (*Horn* v. *Truett*, 114 *Ga.* 995, 41 S. E. 498), and it is the policy of the law to provide an *immediate* and *effectual* means of support of the widow and children for such time, "and the courts should in all proper ways forward and carry out this policy." *Rakestraw* v. *Rakestraw*, 70 *Ga.* 806; *Cheney* v. *Cheney*, 73 *Ga.* 66. "The provision for a year's support out of the estate of a decedent is an anomaly dictated solely by a very humanitarian public policy, *and in its administration this public policy should not be overlooked or disregarded in any instance.*" (Italics ours.) *Grant* v. *Sosebee*, 169 *Ga.* 658 (151 S. E. 336). Its provisions are highly beneficial. The courts, in passing upon cases involving the rights of the beneficiaries under such statutes, should keep in mind the beneficial and benevolent purposes of the law and should jealously protect rights accruing thereunder. The ends to be obtained under the act are not to be encumbered with technicalities; and provisions contained therein which, if liberally construed, might seriously impede the purposes of the act should be strictly construed. See, in this connection, *Rhames* v. *Stokes*, 28 *Ga. App.* 598 (112 S. E. 380); *Whatley* v. *Watters*, 136 *Ga.* 701 (71 S. E. 1103); *Blassingame* v. *Rose*, 34 *Ga.* 418. Our Supreme Court, guided by these considerations, held, in

*Jones* v. *Cooner*, 137 *Ga.* 681 (74 S. E. 51), that "only heirs, their privies, and creditors may contest with a widow and minor children their right to a year's support out of the estate of the deceased husband and father." Such person must be actually "*concerned*" in the legal administration of the assets of the estate. *Mathews* v. *Rountree*, 123 *Ga.* 327 (51 S. E. 423). In the latter case it was held that a cosurety on a bond with the decedent, the bond being sued upon, was vitally interested in the administration of the assets of the estate, for if judgment was had against him and the decedent's legal representative on the bond, he would have to look to the estate for contribution. While it is true that creditors of the *estate* are entitled to contest the return of the appraiser for a year's support (*Goss* v. *Greenaway*, 70 *Ga.* 130; *Mulherin* v. *Kennedy*, 120 *Ga.* 1080, 48 S. E. 437; *Aiken* v. *Davidson*, 146 *Ga.* 252, 91 S. E. 34; *Lee* v. *English*, 107 *Ga.* 152, 33 S. E. 39; *Gray* v. *Ray*, 19 *Ga. App.* 510, 91 S. E. 901), no such right exists in favor of a creditor of a legatee under a will. Such creditor is no more than a stranger and an interloper. Although perhaps having an incidental interest, he is not among those "concerned" in the administration of the assets of the estate. He has no *legal* interest therein, and there is no privity of claim or title existing between him and the legatees, as existed in *Federal Land Bank of Columbia* v. *Henson*, 166 *Ga.* 857 (144 S. E. 728). To hold otherwise than above stated would subject the right of the widow and children to untold litigation and consequent delay, which is highly antagonistic to the purposes of the law. See, in this connection, *Pullen* v. *Johnson*, 173 *Ga.* 581 (160 S. E. 785); *Foster* v. *Turnbull*, 126 *Ga.* 654 (55 S. E. 925). For illustration, suppose the bank refused to file a caveat to the return of appraisers, and A, a depositor in such bank, and thereby a creditor, being interested in the collection of all assessments by the bank, filed a caveat contending that it was to his advantage and interest that the bank collect the assessments from the legatees, and that if the estate were properly administered such assessment could be collected, which would inure to his benefit, would it be seriously doubted that such party could not maintain the caveat? We think not. Then, as to the interest claimed, the bank stands in no better position than A. We are convinced that such receiver has no standing *in law* and is not among those legally interested in the administration of the assets of

the estate, under the provisions of the Civil Code (1910), § 4043, and that the trial judge properly dismissed the caveat.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*