27113. EDWARDS, guardian, *v.* ADDISON *et al.*

DECIDED OCTOBER 18, 1938.

*Blackshear & Blackshear, Stanley A. Reese,* for plaintiff in error. *Paul Miller,* contra.

MacINTYRE, J. The wife had minor dependent children by the first husband, who died before her death, and a minor child by the second husband, who survived her. The minor dependent children by the first husband sought a year's support out of her estate. The judge held that there was no provision of law for such an allowance. In *Phelps* v. *Daniel*, 86 *Ga.* 363 (4) (12 S. E. 584), it was held that "a year's support for a minor child of a married woman can not be assigned out of her estate, upon her death intestate, leaving her husband, the father of the child, surviving," and that there was no exception on account of the poverty and disability of the husband and father, resulting in his disability to support the minor child, and that the minor child of the mother and wife did not come within the statutory provision for a year's support.

516

"'The provision for a year's support is a branch of the statute of distributions, and the persons entitled to it are just as much and as absolutely entitled as they are, in case of intestacy, to a distributive share of the residue after the year's support is deducted and all debts are paid. It is a branch of the statute of distributions, and prescribes how the estate of a deceased person, to this extent, is to be disposed of. Creditors are left out, and adult children are left out, until this much of the estate is withdrawn from it; then they are admitted for participation in the balance. They have no right to anything except by the statute of distributions.' *Farris* v. *Baltle,* 80 *Ga.* 187 (7 S. E. 262)." *Grant* v. *Sosebee,* 169 *Ga.* 658, 661 (151 S. E. 336). The law relating to year's support is a part of the statute of distributions. Until the act of 1871 (Ga. L. 1871, p. 48), the law of descent and distribution in this State made the husband the sole heir of the wife (Code of 1863, § 1711) ; and thus, upon the death of the wife with a living husband, there was nothing out of her estate to be distributed to the children. They had no right or title or interest in the estate of their intestate mother, and a year's support for the benefit of her minor children could not have been allowable out of the intestate mother's estate in which they had no interest. The statutory provision for a year's support, as it appeared in the Code of 1863, § 2531 (Code of 1933, § 113-1002), did not contemplate that the children of the mother who had a living husband at the time of her death should be entitled to anything by way of year's support. The title of the act of 1871 is, "An act to change the law of distributions so far as affects the separate property of married woman," and the act declares : "That on the death of a married woman, intestate, leaving a separate estate, without remainder or limitation over, which can and does take effect, who shall leave a surviving husband and child, or children, or descendants of a child, or children, such separate estates shall be equally divided, share and share alike, between said husband and said offspring, per capita, but the descendants of children shall take per stirpe." The Code, § 113-1002, which provides for a year's support, "has undergone no alterations since the act of 1871 was passed, but remains just as it previously stood. If, therefore, it has any meaning since the passage of that act which it did not have before, it must be on account of something contained in that

act; for there is nothing elsewhere, so far as we know, to vary its former meaning." *Phelps* v. *Daniel,* supra.

The act of 1871 (Code, § 113-902) is the latest exposition of the legislature's will as to how the property of a married woman should be disposed of upon her death intestate. Thus the husband and her offspring, by the act of 1871, were given certain new and definitely apportioned rights of inheritance which did not exist at the time Code § 113-1002 first appeared. No right of the child to inherit from his mother dying intestate with a living husband existed when Code § 113-1002 first appeared; hence no year's support could, by this section, be carved out of something that did not exist and in which necessarily the child could have no interest. There being, at the time of the subsequent passage of the act of 1871, no additional provision for the allowance of a year's support, and no provision having been made since, there is no provision of law for a year's support of minor dependent children out of an estate of their mother dying intestate and leaving a living husband. Redfearn on Wills and Administration, 561, § 275. "Were a year's support to be carved out of it for the child by virtue of section 2571 [113-1002] of the Code, equality of division to that extent would be departed from; for one object of this section, as has been ruled in *Farris* v. *Battle,* supra, is to distribute to minor distributees more than to their adult co-distributees." *Phelps* v. *Daniel,* supra. In short, we think that while the law provides that a year's support might be obtained from the estate of a widow for her dependent children (*Brown* v. *Hemphill,* 74 *Ga.* 795), yet we do not think that there is as yet any provision in our law for "a year's support" to be obtained for the minor dependent children from the estate of their mother dying with a living husband, and the court below was correct in so deciding. Redfearn on Wills &c., 562. The present case we think is in principle controlled by the declaration of our Supreme Court in *Phelps* v. *Daniel,* supra, and it may be appropriate to quote from said case the following: "It might be very well for the legislature to provide for such inequality as between a surviving husband and the minor children of his deceased wife, but it has not yet done so. On the contrary, as we have seen, its express mandate is that the shares shall be equal."

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*