18444. HIERS *v.* STRIPLIN *et al.*

Argued January 12, 1954—Decided January 15, 1954.

294

*P. Q. Bryan,* for plaintiff in error.
*Hoyt H. Whelchel, Hoyt H. Whelchel, Jr.,* contra.

WORRILL, Justice. "Where property is set apart as a year's support for the benefit of the widow alone, she shall thereafter own the same in fee, without restriction as to use, encumbrance or disposition." Ga. L. 1937, p. 861; Code (Ann. Supp.) § 113-1023. Title to property so set apart to the widow alone vests absolutely in her (Code § 113-1006; *Smith* v. *Smith,* 187 *Ga.* 743, 745, 2 S. E. 2d 417), and her right to a year's support survives her death. *Smith* v. *Sanders,* 208 *Ga.* 405 (67 S. E. 2d 229).

Counsel for the plaintiff in error recognizes the above principles, but insists that a widow can not devise her unconsumed portion of a year's support, because the whole theory of the statute is based on the Biblical injunction to protect the widow while in life; and that after her death the general laws of descent and distribution should take effect as to any unconsumed portion thereof. *Walden* v. *Walden,* 191 *Ga.* 182 (12 S. E. 2d 345), cited and relied on by both sides, involved property that was set aside to a widow and one minor child. The child became of age, and thereafter the widow died leaving a will wherein she undertook to devise the property to another son. This court properly held that the widow could not give to another by will the former minor's interest in the property. However, as pointed out in that decision, the property did not revert to the estate of the deceased husband, and the language used on p. 192, that "we reach the view, under the authorities, that when all of the beneficiaries of a year's support cease to exist as such, any of the property set apart which may be unconsumed belongs to them or their heirs in common," does not require a finding, as contended, that, where property is set apart as a year's support for the benefit of

the widow alone, she can not make a testamentary disposition thereof.

It follows that a widow in the above circumstances can devise property set apart for her benefit alone. Accordingly, the petition of a child, who was sui juris at the time the property was set apart, seeking to recover an interest as an heir at law, failed to set forth a cause of action, and the trial judge did not err in dismissing the action on general demurrer. See Redfearn on Wills (Rev. ed.) 528, § 292; 21 Am. Jur. 561, § 317.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., not participating.*