37109. GROSS *v.* SHANKLE.

Decided April 24, 1958—Rehearing denied May 16, 1958.

*A. Cecil Palmour, Bobby Lee Cook,* for plaintiff in error.

*G. W. Langford, George Paul Shaw, A. W. Cain, Jr.,* contra.

GARDNER, Presiding Judge. The question presented here is whether or not the caveator has the legal right to contest the judgment of the Superior Court of Walker County in sustaining the demurrers to the caveat.

A tort claimant whose suit is not filed on his claim is not entitled to file a caveat to a year's support. It is settled, as stated in *Gibson v. Gibson,* 50 *Ga. App.* 345, 346 (178 S. E. 181) as follows: "Only heirs, their privies, and creditors may contest with a widow and minor children their right to a year's support out of the estate of the deceased husband and father." See also *Jones v. Cooner,* 137 *Ga.* 681 (74 S. E. 51), *Grant v. Sosebee,* 169 *Ga.* 658 (151 S. E. 336), and *Montgomery v. McCants,* 49 *Ga. App.* 324 (175 S. E. 397). Code § 113-1508 gives a year's support for the family as number one in the order of claims against the estate of a decedent. As has been many times stated, a year's support is a favored child of the law. Survivorship does not give a person in the position of the caveator in the case at bar a lawful right to file a caveat for a tort such as here. Moreover, any creditor must file against the personal representative of the estate as shown by Code (Ann.) § 3-505 which reads as follows: "No action for a tort shall abate by the death of either party, where the wrongdoer received any benefit from the tort complained of; nor shall any action, or cause of action, for the recovery of damages for homicide, injury to person, or injury to property abate by the death of either party; but such cause of action, in case of the death of the plaintiff, shall, in the event there is no right of survivorship in any other person, survive to the personal representative of the deceased plaintiff; and in case of the death of the defendant, shall survive against said defendant's personal representative. However, in the event of the death of the wrongdoer before suit shall have been brought against him, the personal representative of such wrongdoer in such capacity shall be subject to suit just as the wrongdoer himself would have been during his life; providing that there shall be no punitive damages. (Acts 1889, p. 73; 1935, pp. 94, 95; 1952, p. 224.)"

We might add that the caveator contends that the superior court failed to permit him to amend his petition and that the case should be reversed in order to allow him to file an amendment. In *Richardson* v. *Pollard,* 57 *Ga. App.* 777 (196 S. E. 199) this court said: "Where a petition is lacking in substance and is subject to a general demurrer, the judge need not give the plaintiff opportunity to amend before sustaining the demurrer. *Ripley* v. *Eady,* [106 *Ga.* 422, 32 S. E. 343]. . . The court therefore acted properly in sustaining the demurrer." However, in the instant case no kind of amendment could be made which would sustain the claim of the caveator as against the widow's year's support. The law provides ample measures for one to assert a legitimate claim against an estate.

There are numerous decisions cited by counsel for both the plaintiff and the caveator but we see no necessity for citing any further authorities in the premises.

The court did not err in sustaining the general and special demurrers and dismissing the caveat.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*