**FIRST NATIONAL BANK AND TRUST COMPANY OF AUGUSTA, as Executor under Will of J. Adolphus Setze, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 945.**

United States District Court
S. D. Georgia.

Nov. 3, 1960.

Julian J. Willingham, of Hull, Willingham, Towill & Norman, Augusta, Ga., for plaintiff.

William C. Calhoun, U. S. Dist. Atty., Augusta, Ga., for the United States.

SCARLETT, District Judge.

The above case came on for hearing and final decision before me on September 1, 1960, at Brunswick, Georgia, under an agreed stipulation of facts by the parties, which stipulation is now filed as a part of the record herein. In substance, these facts are as follows:

Julius Adolphus Setze died testate on May 26, 1955, a resident of Augusta, Georgia, and The First National Bank and Trust Company of Augusta qualified as Executor of the Estate. The decedent left surviving him, among others, his widow, Sarah E. Setze, and on August 8, 1955, said widow made application to the Court of Ordinary of Richmond County, Georgia, for a year's support or sufficiency from the Estate of her deceased husband. Thereafter, on September 6, 1955, there were duly set apart to said widow for her support and maintenance for a period of twelve months, certain bonds of an aggregate valuation of $59,604.29. Thereafter, upon the filing of the Estate Tax Return, the Plaintiff included the amount set apart as a year's support as part of the marital deduction claimed under Schedule M, of the Return.

The total amount of the marital deduction claimed by the Plaintiff herein on the Federal Estate Tax Return did not exceed 50% of the adjusted gross estate as finally determined for Federal Estate tax purposes.

The Commissioner disallowed the year's support as a part of the marital deduction, and the Plaintiff has paid the deficiency in the Estate Tax assessed against it arising from this disallowance and timely filed a claim for refund of the

amount of the deficiency, which claim was disallowed on September 11, 1959, by the Commissioner as a terminable interest under Section 2056 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 2056. The amount of the deficiency in tax paid was $19,442.88 plus statutory interest in the amount of $1,785.02, or a total payment of $21,227.90.

It is agreed by both parties that the only issue to be determined in this controversy on the basis of the facts stipulated as herein stated, is whether the year's support allowance awarded to the decedent's spouse under the law of the State of Georgia in force at the time of the decedent's death, qualifies for the Estate Tax Marital Deduction provided for in Section 2056 of the Internal Revenue Code of 1954.

The Georgia law leaves no room for doubt as to the kind of title which a widow takes under a year's support proceeding and the conditions under which she has the right to take it. In the argument of this case, Counsel for the Plaintiff and the Defendant, apparently, raised no issue as far as Georgia law is concerned. When the award was made to the widow on September 6, 1955, within 3⅓ months of the date of the death of the decedent, the title which the widow took was a fee simple title which could not be divested in any way and the property set apart to her became a part of her estate, subject to an estate tax upon her death at any time. Once the allowance was made, title to the property which was set aside could not be divested on the happening of any event. This is conclusively established both by statute and judicial decision in Georgia.[1]

At the same time, it is equally well settled that the right of the widow to apply for a year's support is limited by the Code Section in effect at the time of the death of the decedent, but repealed on July 1, 1958, in that it cannot be exercised should the widow die or remarry prior to filing the application for the year's support.[2]

Counsel for the Plaintiff argue that since the Estate taken by the widow after the order setting apart the year's support is a fee simple title, the Estate is not terminable and it is, therefore, eligible for the marital deduction.

Counsel for the Defendant, on the other hand, contends that since the right to apply for the year's support, prior to the order setting the year's support aside, can terminate upon the death or remarriage of the widow, the right is terminable and, therefore, is not subject to the marital deduction.

Therefore, the first issue to decide is whether the terminable interest rule, under Section 2056 of the United States Internal Revenue Code of 1954, should be applied to the right of the widow to the year's support prior to the order setting aside a certain amount, or to the property set aside to the widow after the order of September 6, 1955.

If this question is decided in favor of the Government, then it will be necessary

1. Section 113–1023 Georgia Code of 1933:
"Title in widow, when,—Where property is set apart as a year's support for the benefit of the widow alone, she shall thereafter own the same in fee, without restriction as to use, incumbrance, or disposition."
See also Georgia Supreme Court cases as follows: Smith v. Sanders, Administrator, 208 Ga. 405, 67 S.E.2d 229, decided in 1951; Grant v. Sosebee, 169 Ga. 658, at page 661, 151 S.E. 336; Anders et al. v. First National Bank of Barnesville et al., 165 Ga. 682, 142 S.E. 98; Backer, for Use, etc. v. City Bank & Trust Company, 180 Ga. 672, 180 S.E.

604, 108 A.L.R. 769; Hiers v. Striplin, 210 Ga. 293, 79 S.E.2d 539.

2. Section 113–1033 Georgia Code of 1933:
"Year's support of widow barred by death or remarriage.—The right of a widow to a year's support from the estate of her deceased husband shall be barred by the death of said widow, or by the subsequent remarriage of said widow, prior to setting apart of such year's support. The right of a widow to a year's support from the estate of a decedent shall be barred by the death of said widow after 12 months from the date of the death of said decedent and prior to the filing of the application for such year's support."

to go further into the question of the distinction between interest in property and property which was discussed at such length by the attorney for the Defendant at the time of the hearing. On the other hand, should it be decided in favor of the contention of the Plaintiff, it will not be necessary to go further to determine whether the other provisions of Section 2056(b) (1) apply.

The Court has reviewed the decisions which have allowed the widow's allowance to qualify as a marital deduction. Molner v. United States, D.C.N.D.Ill., May 22, 1959, 175 F.Supp. 271; In re Estate of Rensenhouse, 27 T.C. 107, remanded 6 Cir., 1958, 252 F.2d 566, redetermined January 23, 1959, 31 T.C. 818; King v. Wiseman, D.C.W.D.Okl.1956, 147 F.Supp. 156; Quivey v. United States, D.C.Neb., Sept. 15, 1959, 176 F.Supp. 433.

■ The main arguments submitted by counsel for the Defendant at the hearing were based upon the decision in the Estate of Cunha v. Commissioner of Internal Revenue decided by the Circuit Court of Appeals of the Ninth Circuit on May 23, 1960, and now appearing in 279 F.2d 292. In a consideration of the case, it must be borne in mind that the facts involved in the Cunha case arose in the State of California where the community property law applies and where the only right to a widow's allowance consist of a monthly payment during the period of administration to be made by the representatives of the Estate. The purpose of establishing the provisions of law with reference to a marital deduction for a widow, as embraced in Section 2056 of the Internal Revenue Code, was to equalize the application of the Internal Revenue law as between common law states and states in which community property rights are recognized by allowing a marital deduction as provided in Section 2056 of the Internal Revenue Code of 1954. As a result of this, it appears to the Court that a clear distinction is to be drawn between the case at bar and the case involved in the Estate of Edward A. Cunha, where the widow's allowance in the Cunha case was made on the

basis of monthly payments, which, under the law of California, would terminate or abate upon the widow's death or remarriage; whereas, in the present case, the allowance was made in a lump sum which the widow took in fee and of which she was not subject to be divested in any way thereafter, so that it became a portion of her gross estate for Federal Estate Tax purposes. This distinction is clearly drawn as to the Cunha case in the Rensenhouse case, referred to above, and is likewise recognized in the Quivey case reported in 176 F.Supp. at page 433, which allowed a year's support as a marital deduction under the laws of the State of Nebraska, even though year's support in that case was also granted on a monthly basis.

In all of the reported cases cited above, including the Cunha case cited by the Government in support of its contention, there has been, at least, implied acknowledgment that a widow's allowance does not become an interest in property until such time as a Court order determines the amount thereof and directs its payment or delivery. Under these circumstances, the terminable interest rule would be applied to events that may occur after such an order is entered. There is no better exposition of this view than the case relied on by the Government in the Cunha Estate case, supra, in which the Tax Court states, "Rather, we think, we must examine the widow's interest at the time that interest arose to determine whether it is terminable, *and that is at the time the probate court entered its order granting the allowance.*" (Emphasis added.)

In construing the tax law here involved, the Court has likewise considered the case of United States of America v. Frank A. Crosby and P. E. Berry decided by the Fifth Circuit Court of Appeals on June 30, 1958, and now appearing in 257 F.2d 515. In the Crosby case, the Court dealt with a situation arising under the law of Alabama, which was virtually identical with the law of Georgia, relating to the dower interest of a surviving widow. The law of Georgia is

substantially similar to that which was applied in the Crosby case and there the Court quotes at page 518 the rule of decision that should be applied in that case and which appears to be equally applicable to the case now under consideration:

"(3) The provisions of the Internal Revenue Code applicable to the facts of this case should be liberally construed and applied to carry out and give effect to the purposes of their enactment. Smythe v. Fiske, 23 Wall. 374, 90 U.S. 374, 23 L.Ed. 47; United States v. Hodson, 10 Wall. 395, 77 U.S. 395, 19 L.Ed. 937. This rule is especially applicable where, as here, the purpose of a provision in a taxing statute is to secure equality in the treatment of taxpayers. Cf. Wiggins Ferry Co. v. [City of] East St. Louis, 107 U.S. 365, 2 S.Ct. 257, 27 L.Ed. 419." United States of America v. Frank A. Crosby and P. E. Berry, 257 F.2d at page 518.

In addition to the foregoing, the marital deduction which is allowed by Section 2056(a) relates only to "any interest in property which passes or has passed from the decedent to his surviving spouse." The limitation in the case of terminable interests is set forth in Section 2056(b) which relates only to "an interest passing to the surviving spouse." Neither sub-section relates to an interest in property which may or may not pass to the widow depending upon the circumstances.

The Government rests its case upon the provisions of Section 113-1033 of the Georgia laws which relate to the right of a year's support and the conditions under which such right is barred. It appears to the Court that this "right to support" is the right of a widow, granted by the Georgia legislature and not by the decedent's estate, to make application to the Court to have appraisers appointed to set apart a sufficiency from the estate subject to the approval of the Court. Only upon such approval does an interest (a fee simple) in the property (the above mentioned

bonds) pass from the decedent to his surviving spouse. This, I believe, is the "interest" to which Section 2056 applies and not the right to enforce the transfer of such interest.

Section 113-1033 is in the nature of a statute of limitations which bars the setting apart of such year's support in the case of the widow's death or remarriage and bars the filing of the application for such year's support in the case of her death after twelve months from the death of the decedent. The Court finds that these are adjective provisions having no substantive effect on the widow's interest in the property passing to her from the decedent, after timely application and award.

Since there is no issue in the present case as to the fact that after the allowance was made, the widow took a fee simple interest in the property awarded her that would not terminate, it is obvious that a year's support under the Georgia Statute, where no minors are involved, does qualify for the marital deduction.

I am impressed with the fact that the legislative history, which was set forth in detail in the Quivey case, 176 F.Supp. 433, dealing with the State laws of Nebraska, supports the opinion herein expressed and distinguishes clearly the rights of a widow in a community property state from similar rights accorded under the state law in common law states such as Georgia

Conclusions of Law

1. This action arises under the United States Internal Revenue Code of 1954 and this Court has jurisdiction of the parties and the subject matter of this action under 28 U.S.C. §§ 1340 and 1346 (a) (1).

2. When the bonds of an aggregate valuation of $59,604.29 had been set apart to the widow for her support and maintenance for a period of twelve months, she acquired a fee simple title thereto which could not be divested in any way. This was an interest in property which passed from the decedent to

his surviving spouse and therefore qualified as a marital deduction under Section 2056 of the Internal Revenue Code of 1954.

3. This interest passing to the surviving spouse was not a terminable interest within the meaning of Section 2056(b) of the Internal Revenue Code of 1954.

### Order

Wherefore, it is considered by this Court that the Plaintiff have judgment against the Defendant for the sum of $21,227.90 with interest thereon as provided by law at the rate of six per cent (6%) per annum to a date preceding the date of the refund check by not more than thirty (30) days, such date to be determined by the Commissioner of Internal Revenue.