## A97A0535. SCOTT et al. v. GRANT.
(487 SE2d 627)

ANDREWS, Chief Judge.

We granted this interlocutory appeal to determine whether the probate court erred in determining that Ruby Scott's petition for year's support was a nullity because certain of the decedent's creditors did not receive notice of the year's support proceeding. We find that it did and reverse.

Alfred James Scott died intestate on January 20, 1994, and Ruby Scott, his widow, filed an Application for Twelve Months' Support on March 13, 1995. Scott listed Ms. Grant and Saylance Scott as interested persons on her application. The court issued an order requiring that any caveat or objection to the application be filed before the first Monday in May 1995. No objections were filed and the court granted the application on June 2, 1995.

On July 3, 1995, Ms. Grant filed a Motion for New Trial and later an Amended Motion for New Trial in which she alleged that Scott's list of interested persons was incomplete. We have no transcript of the hearing on the motion for new trial, but apparently Grant contended that First Union National Bank, which held a mortgage on one of the pieces of property set aside for the year's support, did not receive notice. Grant also claimed that a church and a granddaughter of the decedent were not notified.

The probate court granted the motion for new trial, finding that because all interested persons were not notified, the trial court's order granting the application was void ab initio. Subsequently,

Alfred Scott, a grandson of the decedent, filed a motion to vacate the court's order granting a new trial. He claimed that the order granting the motion for new trial placed a cloud on the title to land Ruby Scott deeded to him out of the property set aside to her for the year's support. The trial court denied the motion to vacate the order granting the motion for new trial and this appeal followed.

OCGA § 53-5-8 (c) (2) provides that the applicant for year's support must file an affidavit with the probate court showing the name, last known address, and age (if less than 18) of each interested person and stating that the applicant has listed the names of all interested persons known to him and has made reasonable inquiry to ascertain the names and addresses of any interested persons. "Interested person" is defined as the "decedent's heirs, devisees, children, spouse, creditors, beneficiaries, and any others having a property right in or claim against the estate of a decedent which may be affected by the year's support proceeding." OCGA § 53-5-8 (c) (2).

The sole issue before us on appeal is whether the application for year's support was void ab initio, as the probate court found, or merely voidable at the election of an interested party who did not receive notice. The probate court's order lists a church, a bank and a granddaughter as interested persons who did not receive notice. It is not alleged that they did not have actual knowledge of the proceeding and no reason is given why they themselves have put forward no objection.

The bank is protected in any case because OCGA § 53-5-17 provides that an unpaid purchase money mortgage is superior to the right to a year's support. As to the church, the probate court found it already had been paid for funeral expenses. While the probate court's order also states the church had an "interest" in a 1986 Dodge van which was part of the property set aside for the year's support, it does not state the type of interest held. There is no mention in the record of the granddaughter except for the court's order stating that a granddaughter who ran the decedent's barbershop after his death and lived on one of the parcels of real estate set aside for the year's support was not listed as an interested person.

Even assuming there were "interested persons" who were not listed on the widow's application, this does not automatically render the grant of the application a nullity. The language of the statute itself mandates against this result.

OCGA § 53-5-8 states the applicant must submit an affidavit stating she has listed all interested persons *known to [her]* and has made *reasonable inquiry* to ascertain the names and addresses of all interested persons. This contemplates a situation where the widow may not be aware of certain persons who should be listed and also provides that she is not required to make an exhaustive search to

determine the existence of these interested persons, but merely to make a "reasonable inquiry." There is certainly no authority under the statute for declaring an order granting an application for year's support to be void because there may be interested persons not listed.

Case law also supports this conclusion. The public policy behind the statutes awarding a year's support dictates that the provisions of these statutes be construed in favor of the beneficiaries entitled to support. *Ennis v. Ennis*, 207 Ga. 665 (63 SE2d 887) (1951); *Farmers Bank v. Williams*, 188 Ga. 789 (5 SE2d 195) (1939). See also *Olmstead v. Clark*, 181 Ga. 478 (182 SE 513) (1935); *Howard v. Howard*, 150 Ga. App. 213 (257 SE2d 336) (1979) (statutes providing for a year's support and fixing its priority are to be construed liberally in favor of the dependents). "The provision for a year's support out of the estate of a decedent is an anomaly dictated solely by a very humanitarian public policy and in its administration this public policy should not be overlooked or disregarded in any instance." *Grant v. Sosebee*, 169 Ga. 658 (151 SE 336) (1929). "Its provisions are highly beneficial. The courts, in passing upon cases involving the rights of the beneficiaries under such statutes, should keep in mind the beneficial and benevolent purposes of the law and should jealously protect rights accruing thereunder. The ends to be obtained under the act are not to be encumbered with technicalities; and provisions contained therein which, if liberally construed, might seriously impede the purposes of the act should be strictly construed." *Montgomery v. McCants*, 49 Ga. App. 324, 326 (175 SE 397) (1934). "Minor errors in stating or omitting beneficiaries have been uniformly held not to invalidate the proceedings." *Jones v. Fed. Land Bank of Columbia*, 189 Ga. 419, 426 (6 SE2d 52) (1939).

Accordingly, keeping these precepts in mind, we find the probate court erred in finding the judgment to be void because the list of interested persons may have been incomplete. That is especially true in this instance where none of the allegedly interested persons is claiming they did not receive notice. Therefore, as the probate court incorrectly granted the motion for new trial on these grounds, it was error to deny the motion to vacate the order granting the motion for new trial. *Smith v. Smith*, 187 Ga. 743, 745 (2 SE2d 417) (1939) (where no caveat to the application is filed and a judgment has issued and been published as required by law, a court of equity will not set aside the judgment of the court of ordinary (now probate court) for irregularities).

*Judgment reversed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JUNE 4, 1997 —
RECONSIDERATION DENIED JUNE 19, 1997.

*Murphy A. Cooper, Clarence L. Martin,* for appellants.
*Gannam & Gnann, Joseph M. Gannam,* for appellee.